MARY FISKE PAGET et al., Respondents, *v.* CHARLES G. STEVENS, as Trustee, etc., Appellant, et al., Respondents.

Under the provisions of the Code of Civil Procedure, providing for the service of a summons by publication upon a defendant out of the state (§§ 438, 439), which require that the order directing such a service shall be founded upon a verified complaint showing a sufficient cause of action against a defendant to be served, it is not sufficient that the complaint sets forth facts sufficient to constitute a cause of action; the cause of action must be one of which the court can take cognizance.

An action to remove testamentary trustees, holding title to real estate under the trust, is a purely personal action, having no connection with the title, within the meaning of the provision of said Code (Subd. 1, § 263), giving to superior city courts jurisdiction in an action to procure a judgment affecting an estate or interest in real property or a chattel real.

The provision of said Code (Subd. 1, § 263), giving to said courts jurisdiction of an action "brought by a resident of the city wherein the court is located against a natural person who is not a resident of the state," includes cases where a sole plaintiff or all of the plaintiffs are residents of the city; it does not give jurisdiction where one of two or more plaintiffs, who is not merely a formal, but an interested party is a non-resident.

An action was brought in the Court of Common Pleas in and for the city and county of New York to remove two trustees of a trust created under a will, one of whom is and was at the commencement of the action and during the time mentioned in the complaint a resident of Massachusetts, and none of the acts complained of were done in this state. One of the plaintiffs, also a trustee, resides in the city of New York; the other plaintiff, a *cestui que trust*, resides in England. An order was made for the service of the summons on said non-resident trustee by publication. On motion to vacate the order, *held*, that said court had no jurisdiction, and so, that the order ought to have been vacated.

(Argued June 19, 1894; decided October 9, 1894.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made May 7, 1894, which affirmed an order of Special Term denying a motion by the defendant Charles G. Stevens to vacate and set aside an order of publication.

This action was brought for the removal of John L. Melcher and Charles G. Stevens, as trustees under the will of Paran Stevens, deceased.

The defendant Charles G. Stevens being at the time of the commencement of the action a resident of the state of Massachusetts, an order for service of the summons upon him by publication was obtained, which he moved to vacate.

The further facts, so far as material, are stated in the opinion.

*George Zabriskie* for appellant.    The order for publication must be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served and proof by affidavit of the additional facts required by the Code. The phrase, " sufficient cause of action," means a valid claim against the defendant, and one of which the court can take cognizance without personal service of process within its jurisdiction upon the defendant.    (*Bryan* v. *U. P. Co.*, 112 N. Y. 382–386 ;  Code Civ. Pro. § 439.)    The jurisdiction of the Court of Common Pleas cannot be maintained under subdivision 1 of section 263, because this is not an action " to recover or procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real." (*McClusky* v. *Cromwell*, 11 N. Y. 593, 601 ;  *People* v. *Woodruff*, 32 id. 355, 364 ;  *People* v. *Wemple*, 115 id. 302, 307 ;  *Carpenter* v. *Strange*, 141 U. S. 87 ;  *Massie* v. *Watts*, 6 Cranch, 148 ;  *Gardner* v. *Ogden*, 22 N. Y. 327 ; *K. L. Ins. Co.* v. *Clark*, 22 Hun, 506 ;  *Y. C. N. Bank* v. *Blake*, 43 id. 162 ;  *Becker* v. *Town of Cherry Creek*, 70 id. 6 ;  *Remer* v. *McKay*, 54 Fed. Rep. 432 ;  *Kirk* v. *Kirk*, 137 N. Y. 510 ;  *Douglass* v. *Cruger*, 80 id. 15 ;  *Jones* v. *Jones*, 108 id. 415.)    The jurisdiction of the Court of Common Pleas cannot be supported on the theory that the cause of action arose within the city of New York ;  because the cause of action arose in Massachusetts, where the defendant resides, and where the land is situated in respect of which the alleged breach of duty has been committed.  (*Garner* v. *H. Mills*, 6 Abb. [N. C.]  212, 218, 219 ;  *Lattin* v. *McCarty*, 41 N. Y. 107 ;  *Leary* v. *Melcher*, 14 N. Y. Supp. 689 ;  *Walters* v. *C. Ins. Co.*, 5 Hun, 343 ;  *P. N. Bank* v. *Taylor*, 60 id. 130 ;

*People* v. *Tweed*, 53 N. Y. 194; *Landers* v. *S. I. F. Co.*, Id. 450; *Hoag* v. *Lamont*, 60 id. 96; *Pennoyer* v. *Neff*, 95 U. S. 714, 727.) The criticism of the learned judges at Special Term and General Term, to the effect that, if defendant's objections to the jurisdiction of the Court of Common Pleas are well founded, neither the Supreme Court of this state nor the courts of Massachusetts or Rhode Island can acquire jurisdiction, is based upon a misapprehension of the situation. (*Gardner* v. *Ogden*, 22 N. Y. 327; *Gibson* v. *A. L. & T. Co.*, 58 Hun, 449.) The question of jurisdiction is properly raised by motion to vacate the order of publication. (*Von Hesse* v. *Mackaye*, 55 Hun, 365; *Bryan* v. *U. P. Co.*, 112 N. Y. 439.)

*Frederick P. Delafield* for respondents. The situs of the property determines the jurisdiction of the court, irrespective of parties, and the court has, therefore, indisputable jurisdiction over so much of this action as affects the lands situate in the city and county of New York. (Code Civ. Pro. §§ 263–265; *Arndt* v. *Griggs*, 134 U. S. 316; *Acker* v. *Leland*, 96 N. Y. 383; *Quackenboss* v. *Southwick*, 41 id. 117; *Nichols* v. *Romaine*, 9 How. Pr. 512; *Eitel* v. *Brackin*, 6 J. & S. 9; *Christy* v. *Libby*, 2 Daly, 418; *Alexander* v. *Bennett*, 60 N. Y. 204.) The Court of Common Pleas has unlimited equity jurisdiction. (*Carey* v. *Carey*, 2 Daly, 424; *Townsend* v. *M. S. & S. S. D. Co.*, 15 N. Y. 587; *Langdon* v. *Astor*, Id. 9; *Wheeler* v. *Newbould*, 16 id. 392; *Dunham* v. *Waterman*, 17 id. 9; *Bennett* v. *Van Syckel*, 18 id. 481; *Hoyt* v. *Thompson*, 19 id. 207.) The defendant's claim of exclusive jurisdiction for the Supreme Court in an action of this kind is untenable. (*Burckle* v. *Eckhart*, 3 N. Y. 132; *Garner* v. *Harmony Mills*, 13 J. & S. 148; *Brown* v. *Brown*, 1 Barb. Ch. 189; *Becknell* v. *Field*, 8 Paige, 443; *Genet* v. *D. & H. C. Co.*, 113 N. Y. 472; *Sherman* v. *Felt*, 2 id. 186.) A sufficient cause of action is stated in the complaint. (*Quackenboss* v. *Southwick*, 41 N. Y. 117; *Deraismes* v. *Dunham*, 22 Hun, 86; *In re Morgan*, 68 N. Y. 618.)

PECKHAM, J. The plaintiff Mary Fiske Paget is one of three children which the late Paran Stevens left him surviving at his death in 1872. The plaintiff Marietta R. Stevens is his widow. The defendants Charles G. Stevens and John L. Melcher are two of the three trustees appointed by the deceased in the twelfth clause of his will, the plaintiff Mrs. Stevens being the third.

The trust created in that clause was in favor of the plaintiff Mrs. Paget, and consisted of one-third of the remainder of the estate of the deceased, after the payment of all debts, specific bequests and legacies, and payments to trustees of trusts otherwise created. The income from this one-third is by the terms of the will to be paid by the trustees to the plaintiff Mrs. Paget during her lifetime, and upon her decease the principal is to be paid to her children.

Similar trusts in favor of his two other children were created by the eleventh and thirteenth clauses of the will. One of the other children married the defendant John L. Melcher, and the third child, a son, died unmarried and without issue, and by the terms of the will such share went in equal parts to the plaintiff Mrs. Paget, and the defendant Mrs. Melcher.

The plaintiffs have commenced this action to remove the two defendants Charles G. Stevens and John L. Melcher from their positions as trustees of Mrs. Paget under the twelfth clause of the will of the deceased Stevens.

Mrs. Marietta R. Stevens resides in the state of New York, and the plaintiff Mrs. Paget is a married woman, residing with her husband in the city of London, England. The defendant John L. Melcher is a resident of this state, and the defendant Charles G. Stevens is, and was at the time of the commencement of this action, a resident of Massachusetts.

There has been conveyed to the trustees of the three respective trusts above mentioned, certain real estate in Massachusetts, while the real estate in New York, other than such as has been conveyed to the trustees for Mrs. Stevens, the widow, is in the actual possession of the executors and executrix of the will of the deceased Stevens, and has not been sold

or divided between those entitled thereto, among whom are the two children of the deceased.

The grounds for seeking the removal of the two defendant trustees of the plaintiff Mrs. Paget are set forth in the complaint, which alleges that they have practically ousted the third trustee (the plaintiff Mrs. Stevens) from the exercise of any authority created by the trust, and have failed to co-operate with or consult her in the management of such trust, and have received the income of the Boston property, kept the accounts thereof and disposed of the same without her knowledge or consent. It is also stated that the trustees under the eleventh clause of the will (in favor of the daughter of Mrs. Melcher), who are the defendant Charles G. Stevens and one George F. Richardson, have commenced an action somewhat in the nature of partition, and have made the trustees under the twelfth clause defendants therein, and as Charles G. Stevens is one of the plaintiffs in that action of partition, and is also one of the trustees of Mrs. Paget under the twelfth clause, and the defendant John L. Melcher is also such trustee under the latter clause, and is also the husband of Mrs. Melcher, the *cestui que trust* in such eleventh clause, it is alleged that the plaintiff Mrs. Paget is in danger of not being properly represented in that action.

This in substance is the cause of action as set up in the complaint. Some of the parties defendant have appeared in the action, but among those who have not appeared is the non-resident defendant Charles G. Stevens.

The plaintiffs procured an order for the publication of the summons as against him and some other non-residents, and he has appeared specially for the sole purpose of making a motion to set aside the order of publication so far as he was concerned, and upon the ground that the action was not one which, upon the facts set forth, was within the jurisdiction of the Court of Common Pleas of New York. The motion has been denied by the courts below and the defendant Stevens has appealed to this court.

The Code of Civil Procedure provides in section 438 for

the granting of an order directing the service of a summons upon a defendant without the state by publication. Section 439 of the Code provides that the order must be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served, etc. This language does not mean simply a complaint which would withstand a demurrer based upon the ground that it did not state facts sufficient to constitute a cause of action. The cause of action which is sufficient is one against the defendant of which the court can take cognizance. In this case it must be one of which the court has jurisdiction (as to defendant Charles G. Stevens) upon the assumption that he is a non-resident. This meaning has been adjudged to be the correct one in *Bryan* v. *University Co.* (112 N. Y. 382, 386).

We are, therefore, remitted to the question whether the cause of action as against defendant Charles G. Stevens which is set forth in the complaint is one over which the Court of Common Pleas of New York has jurisdiction, assuming that he was a resident of the state of Massachusetts at the time the action was commenced. The court named is one of the Superior City Courts mentioned in the Code. (Code of Civil Procedure, § 3343.) The jurisdiction of such a court is stated in section 263. There are several subdivisions to that section, and the plaintiffs contend this cause of action is provided for in the first, the second and the sixth subdivisions thereof. The material portion of the first subdivision referred to grants jurisdiction to the court "in every other action to recover or to procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest in real property or a chattel real. But jurisdiction attaches under this subdivision only where the real property to which the action relates is situated within the city where the court is located." Jurisdiction is extended by the second subdivision "to an action for any other cause, where the cause of action arose within" the city where the court is located, and by the sixth subdivision "to an action for any cause brought by a resident of the city wherein the

court is located, against a natural person who is not a resident of the state."

We think that not one of the subdivisions embraces such an action as this.

The first subdivision does not touch it for the reason that the action does not in any manner affect or determine the title to or any interest in real property or a chattel real. The judgment in the action could not adjudge anything in regard to the title within the meaning of the statute. The object and purpose of the action are to remove trustees of a trust created under the will of Mr. Stevens. It is a purely personal action having no connection whatever with the title to the real property held under the trust. It is true that the judgment might remove the trustees and so divest them of the title to the real property. But they hold it simply as representatives, and not in their own right, and precisely the same title which they held would remain in the survivor (Mrs. Stevens) or pass to successors appointed by the court and wholly unaffected by its decree. The judgment would simply determine the person who ought or ought not to hold the title as a trustee, without any individual or personal interest therein, and its extent and quality would remain without any adjudication regarding it, and precisely the same in the successors as it was in the trustees who might be removed by the judgment of the court. It is not even a case of rival claimants to the trusteeship under the same clause in the will, each claiming to be, and appealing to the court for a decision as to which was such trustee and the holder of the title. Nothing whatever in regard to the title as such could or is sought to be adjudged in this action.

The only question arising herein is as to who shall hold, as a mere representative, the title to real property which is undisputed and not the subject of litigation. Whatever judgment may be entered, the title to the property remains the same that it is in the trustees of the trust created by Mr. Stevens' will, and to determine whether one trustee shall be removed and another appointed in his place with precisely the

same rights, powers and duties and holding exactly the same title as his predecessor, cannot in any legal sense be said, within the proper meaning of the statute, to establish, determine, define, forfeit, annul or otherwise affect an estate, right, title, lien or other interest in real property or a chattel real. It only affects the person who shall, without any personal or individual interest therein hold a title which is not disputed and for the purposes of a trust, the meaning and extent of which are not involved and in regard to which no judgment could be given. To remove a trustee under such facts does not in any legal sense of this statute forfeit or annul an estate.

This construction of the statute is neither metaphysical nor subtle. On the contrary, it seems to us a very plain and natural one. The preceding portion of the first subdivision of section 263 indicates quite plainly what the nature of the various actions contemplated in the section was to be. The action was in some manner to recover or to affect, to foreclose or to forfeit the title claimed by another, so that when the judgment was pronounced such title would be defined or adjudged either good or bad, forfeited to one claiming adversely or forfeited or cut off by some superior claim. Adverse or conflicting interests in the real property would be determined or adjudged by an action of the nature contemplated in the section. It would be a most strained and unnatural construction to hold that such an action as this would come under the terms of the statute when the only matter really determined would be whether a mere stakeholder, so to speak, was a proper depository of the title which was undisputed, or whether he had been guilty of such acts as would render his removal proper, the title to the property in such case vesting in his successor and no judgment given in regard to its extent, quality or character. We cannot believe it was ever the intention of the legislature to include such an action within the meaning of the section, and we believe it did not in fact so include it.

In this view it is not necessary to determine or further to notice the other objection raised by defendant Stevens, that

as part of the real property embraced in the trust lies in the state of Massachusetts, the New York Court of Common Pleas can have no jurisdiction because of the provision in the Code that the real property to which the action relates must be situated within the city where the court is located. The action does not, within this section, relate to real estate.

Nor do we think that the provision of the second subdivision of section 263 covers this case.

The "cause of action" did not arise in the city of New York so far as regards defendant Stevens. During all the time mentioned in the complaint he has been a resident of the state of Massachusetts, and the cause of action is his alleged misconduct as trustee. There is no pretense that he has done an act in New York. His alleged misconduct it is claimed might as a consequence possibly harm the trust estate. If this were true, that estate is in no sense the subject of the action, nor is it the cause of action. That cause is, as I have said, the alleged misconduct of Mr. Stevens, his breach of or failure to perform his duty as a trustee, and that arose in the place where he resided and assumed to act as trustee and where such alleged breach occurred. Assuming the correctness of the plaintiffs' claim that it is in New York that Mrs. Paget is exposed to the danger of being represented by improper and unfriendly attorneys, it does not on that account appear that the cause of action against Mr. Stevens arose in that city. This alleged danger is but a consequence of the alleged misconduct; it is not, and in and of itself it cannot form or constitute a cause of action. The subject of the action is in no sense the trust property. It is the alleged breach of duty of the trustee, as a consequence of which it is claimed that harm may result to such property. The preservation of the trust property may be one of the results which plaintiffs claim would flow from the removal of the trustee, but the preservation of such property is in no legal sense the cause of action. To call an action brought to remove a trustee from his trust because of his personal conduct or misconduct as such trustee, one in which the cause of action is the

preservation and management of the trust property, seems to us a subversion of the meaning of language. The judgment cannot control the management of the trust estate, for in any event it is to be managed by trustees who are to carry out the purpose and end of such trust, and no person who might be appointed would have any other or different powers of management than his predecessor, and no relief is sought or could be granted which would be in the least inconsistent with this fact.

Finally, the court takes no jurisdiction by virtue of the sixth subdivision of the section. The action is not brought by a resident of the city wherein the court is located, against a natural person who is not a resident of the state. This subdivision includes the case where the sole plaintiff or all the plaintiffs are residents of the city. In this case one of the plaintiffs (Mrs. Paget) is a citizen of London in the kingdom of Great Britain. Mrs. Paget is not a merely formal party to the action, assuming such fact to constitute an exception to the rule. She is the *cestui que trust* and of the two plaintiffs she is the person alone who is substantially interested in the performance of the trust. By the joining of the third trustee (her mother) with her as plaintiff, the court does not thereby acquire a jurisdiction by reason of the residence of the trustee in the city of New York, which otherwise it would not possess. One of the plaintiffs has not the necessary jurisdictional residence in that city, and the objection is not rendered without force by proof that another of the plaintiffs has. Where citizenship or residence is requisite on the part of plaintiffs, it has always been held that the fact must exist in regard to all the plaintiffs. This has been so held in the United States courts in reference to citizenship, and we think it is the plain meaning of the statute.

We agree with the able and satisfactory dissenting opinion delivered by the learned judge at the General Term of the Common Pleas, and we might well have rested our judgment upon it, but as the case here was necessarily argued somewhat briefly, we have felt that although in our judgment it was

quite a plain one, yet it would be well, considering the importance of the question involved, not only to give it most mature consideration, but also to elaborate somewhat the reasons for the conclusion at which we have arrived.

The order appealed from must be reversed, with costs in all courts, and the motion to set the order of publication aside, so far as defendant Charles G. Stevens is concerned, must be granted, with costs.

All concur, except ANDREWS, Ch. J., not sitting, and GRAY, J., not voting.

Ordered accordingly.