(28 Misc. Rep. 329.)

PARKE v. GAY.

(Supreme Court, Special Term, New York County. July, 1899.)

1. ATTACHMENT—SERVICE BY PUBLICATION—WARRANT AND LEVY.
   Under Code Civ. Proc. § 638, authorizing service by publication, a proceeding under such notice is one in rem; and an attachment and levy thereunder, as well as service by publication, are necessary in order to authorize a judgment.

2. SAME—ORDER FOR PUBLICATION BEFORE WARRANT.
   Under Code Civ. Proc. § 638, providing that service of summons under attachment proceedings may be made by publication, and that such service must be made within 30 days after the issuance of a warrant, and that, "if the order of publication has been or is commenced after the warrant is issued," it must be made complete by continuance thereof, service by publication is valid, though made pursuant to an order granted before the warrant was issued.

Attachment proceedings by Robert A. Parke against Eben H. Gay. Motion by defendant to vacate the attachment. Denied.

Walter L. McCorkle, for the motion.
Herbert C. Smyth, opposed.

BEEKMAN, J. On the 20th day of February, 1899, the plaintiff obtained an attachment against the property of the defendant, as a nonresident debtor. Failing to secure personal service of the summons, he obtained an order for service by publication on the 23d day of March, 1899. Thereupon the defendant, appearing specially for the purpose, moved to vacate the attachment because of a failure to comply with section 638 of the Code of Civil Procedure, which requires that personal service of the summons must be made upon the defendant against whose property the warrant is granted "within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state, pursuant to an order obtained therefor, as prescribed in this act; and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof." As it was plain that neither personal service of the summons had been made, nor service by publication commenced, within the prescribed period, the motion was properly granted and the attachment set aside. Thereupon the plaintiff applied for and obtained a second attachment, and, relying upon the order of publication which he had previously obtained, under which service had been commenced and was proceeding by actual publication in the designated newspapers, took no other action with respect to the service of the summons. More than 30 days having elapsed since the second attachment was issued, the de-

fendant, again appearing solely for that purpose, now moves to vacate the writ on the same ground.    His claim is that when the first attachment was vacated the court was without further jurisdiction, inasmuch as the order of publication required the existence of a warrant of attachment to support it.    It is true that, where that kind of service is relied upon, no judgment in personam can be obtained. The proceeding is essentially one in rem, and the judgment and any execution issued thereunder operate only upon the thing within the jurisdiction of the court, which constitutes the subject-matter of the action, or which the court has impounded for the satisfaction of the debt.    Dealing with the latter class of cases, there must therefore be a concurrence of both a service by publication, and an attachment and a levy thereunder, to give the court authority to direct judgment in an action commenced in that manner.    But there seems to be no sound reason for insisting that the warrant of attachment must precede or accompany the order of publication.    The object of the publication is to bring the defendant within the jurisdiction of the court, and the expectation is that, upon becoming apprised of the proceeding, he will enter his appearance in the action, if he wishes to contest it or otherwise to protect his interests, as he must certainly infer from the existence of the action that its purpose is to establish a debt against him, and ultimately to secure payment of the same out of his property.    If the view is to prevail that there can be no valid commencement of the service by publication until after the warrant of attachment is obtained, it must be logically based on the theory that there is no res to proceed against until there has been a levy upon property of the defendant, and that when service by publication has been commenced the action can only proceed against property then levied upon.    But such an assumption as this is quite opposed to section 644 of the Code, which authorizes the sheriff to levy "from time to time, and as often as is necessary, until the amount for which it [the warrant] was issued, has been secured, or final judgment has been rendered in the action."    The res proceeded against is plainly that which the sheriff may have finally gathered in, either before or after the publication of the summons is complete, and even after the time for the defendant to appear has expired.    Whether or no a levy has been made becomes of importance only when an application for judgment is made, for without it judgment cannot be rendered. Code Civ. Proc. § 1217.    It is therefore clear that the right to commence service by publication is not dependent upon a levy, and, with that established, it is difficult to escape the conclusion, on principle, that such service may be commenced before a warrant has been issued. In the case of Clarke v. Boreel, 21 Hun, 594, a motion was made to vacate an order of publication granted in a case in which it was apparent that the cause of action was not one which gave any right to an attachment.    The defendant was a nonresident, and appeared specially for the purposes of the motion, which was denied at special term, and the order there made was affirmed by the general term. Judge Davis, in giving the opinion of the court, says (page 596):

"The motion is based upon the idea that because no attachment has been or could be issued against defendant's property, and no judgment could be

entered against her by default without proof of such attachment as required by section 635 of the Code, therefore the court has no jurisdiction to make the order of publication. The idea is a mistaken one. The court has jurisdiction of the cause of action. The injury occurred in the state, to a citizen and resident. The order of publication is one step towards obtaining jurisdiction of the person of the defendant, who is a nonresident. It was clearly in the power of the court, and it was its duty, on a proper case shown, to take that step. The order was neither invalid nor irregular because it might happen that it would not result in obtaining jurisdiction of the person of the defendant in such form as to enable the rendition of a judgment for the recovery of the damages sought by the complaint. That was a contingency. If the defendant chose to appear in the action after the service at Nice, the jurisdiction of the court, both of her person and of the cause of action, would be complete, and its power to give judgment independently of sections 1217 and 635 would be perfect. Hence it was entirely proper and regular to make the order, although the plaintiff might fail to be able to show afterwards a state of facts that would entitle him to judgment."

The reasoning of the opinion, taken as a whole, strongly tends to support the view that the order of publication in the case at bar did not fall when the first attachment was vacated, but continued to be operative, and the publication under it to be effective at the time the second attachment was granted. That such a condition was in contemplation when section 638 of the Code of Civil Procedure was framed can hardly be doubted. It will be noticed that, after providing that service of the summons by publication must be commenced before the expiration of 30 days from the granting of the warrant of attachment, the section contains the following provision, "and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof." The manifest reading of this is that if publication of the summons has been commenced before the warrant was granted, or if commenced within 30 days after the warrant was granted, then, in either event, the service must be made complete by a continuance of the same. Here is found a plain recognition of the situation which exists in the case under consideration, and also an intention to provide for it. A similar question was decided by Mr. Justice Barrett in the case of Baron v. Biaren, 3 N. Y. Mont. Law Bul. 49, 50. In his opinion he says:

"It seemed to me upon first impression that this attachment could not be sustained, for the reason that service of the summons by publication was not commenced, nor was service thereof without the state made, within thirty days after the granting of the attachment. But the last sentence in section 638 [Code] seems to contemplate the commencement of publication before the granting of the attachment, as well as within the thirty days thereafter. The words 'and if publication has been commenced' must refer to such prior time; the words 'and if publication is thereafter commenced,' to the thirty-days period. Such latter words could not have been intended to affect the previous thirty-day limitation."

The attachment was accordingly sustained. The narrow construction of the section for which the counsel for defendant contends would equally require the personal service of the summons to be made after the warrant had been granted, and would render any such service before made of no avail in support of the attachment. Of course, no such meaning is to be attached to it. The purpose of the entire provision was to prevent a plaintiff from using this process oppressively, by impounding the property of the defendant, and then delaying the

prosecution of the action indefinitely.    The true construction of the section in question is, I think, that where personal service of the summons has not been already made, or where service by publication has not been commenced, at the time the attachment is granted, then it must be so served, or such publication begun, within 30 days after the warrant is issued, and that in any case the service by publication, when commenced, must be continued to a completion.    This satisfies, and is therefore justified by the reason of, the law.    The motion to vacate the attachment is therefore denied, with $10 costs.

Motion denied, with $10 costs.