(60 App. Div. 133.)

### MONTGOMERY v. BOYD et al.

(Supreme Court, Appellate Division, First Department. April 19, 1901.)

1. NONRESIDENT DEFENDANT—SERVICE BY PUBLICATION—SUFFICIENCY OF COMPLAINT.

Under Code Civ. Proc. § 439, requiring an order for service by publication or for personal service without the state to be founded on a verified complaint showing a cause of action against the defendant so to be served, the mere nonresidence of a defendant is not sufficient to authorize such order, but it must appear from the complaint that there is a valid cause of action against such defendant, which is within the jurisdiction of the court.

2. SAME.

Where a claim against a resident of a foreign country is not reduced to judgment, and is not a lien on property situated in the state, and the estate of the debtor is administered in a foreign country, and no letters are issued within the state, the courts of New York have no jurisdiction of a suit by the claimant against the executors of deceased, who are nonresidents, and other nonresident defendants, to establish a trust in the property of the debtor.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by James Montgomery against Robert N. Boyd and others. From an order vacating an order directing the service of summons by publication or by personal service without the state, the plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William W. MacFarland, for appellant.
Edward C. Perkins, for respondents.

McLAUGHLIN, J. An order was made in this action, upon affidavits and a verified complaint, directing the service of the sum-

mons upon certain nonresident defendants by the publication there-
of, or, at the option of the plaintiff, by service on such defendants
personally without the state. This order was thereafter vacated,
upon motion of the defendants thus served, upon the ground, as
appears from the opinion of the learned justice sitting at special
term, that the complaint did not state facts sufficient to constitute
a cause of action, and the plaintiff has appealed.

The complaint alleges, in substance, that in 1891 one James Mc-
Henry, then a resident of London, England, died, leaving a last
will and testament, which was then admitted to probate, and let-
ters testamentary issued to the defendants E. R. McDermott and
Boyd, both nonresidents; that no letters of administration have
been issued on the estate of McHenry in the state of New York;
that the plaintiff is the assignee of certain claims against McHenry;
that in 1871 McHenry and one Kennard owned both real and per-
sonal property in several states of the United States (principally in
the states of New York, New Jersey, Pennsylvania, and Ohio),
and for the purpose of uniting their respective interests in such
property "they devised a plan for creating a trust thereof, and by
that means turned the property into a trust fund having the legal
quality of personalty as between themselves and the trustees of the
·fund," and in the month of October of that year they conveyed all
of their real and personal property to certain trustees named in
an indenture bearing date the 2d day of October, 1871, by the pro-
visions of which the beneficial interest in such property was to be
represented by 400 certificates, of $5,000 each, to be issued by the
trustees, which certificates, by the terms of the deed creating the
trust, were expressly declared to be personal property, and of which
said McHenry was entitled to, and did, receive 150 certificates; that
in 1874 McHenry, being then insolvent, transferred 100 of these cer-
tificates to one Moran, who in January, 1878, transferred them to
one Woodman, and the same stood registered in his name when he
died, in 1895, and his administratrix thereafter assigned the certifi-
cates and the property represented by them to William E. Dunning;
that the assignment to Moran was made under a postnuptial settle-
ment on McHenry's wife, with a power of appointment to her in
case of her death without children; that Woodman and Moran
were trustees, and that the trust thus created was in fraud of the cred-
itors of McHenry, and especially of the plaintiff; that Mrs. Mc-
Henry died in 1879, without children, having appointed the certifi-
cates to the Earl of Albermarle and the defendant Edward McDer-
mott; that such appointment was without consideration, and made
for the purpose of defrauding the creditors of McHenry, and es-
pecially the plaintiff; that in 1893 the certificates were sold to the
defendant Bischoffheim, under an agreement sanctioned by the court
of chancery of England, to which Mrs. McDermott's appointees (the
Earl of Albermarle and Edward McDermott) and the executors of
McHenry were parties,—Bischoffheim agreeing to pay certain debts
of McHenry, and to pay to his executors certain amounts in cash, and
also a part of the proceeds of the sale of the certificates; that the
defendants Perkins and Fowler are trustees of the trust in ques-

tion, as successors of Barlow and Day, the original trustees named in the instrument creating the trust. Other facts are set out in the complaint, but it seems unnecessary to refer to them. The judgment demanded, among other things, is that the 100 certificates, and the interest in the property represented by them, transferred to Moran, be adjudged to be a trust fund applicable to the payment of the plaintiff's claim against McHenry; that the plaintiff be adjudged to have a lien and charge upon such certificates and property for the satisfaction of his claim; that a receiver be appointed, etc.; and that the trustees be enjoined from doing any act or thing to the prejudice of plaintiff's rights, or from making any disposition whatever of the trust property in their possession, or any part thereof, until the further order of the court.

We are of the opinion that the order appealed from is right. The nonresidence of a defendant is not, in and of itself, sufficient to justify an order directing service of a summons upon him by publication, or personally without the state. In addition to the nonresidence, it must appear from the complaint filed that the plaintiff has a sufficient cause of action against him, or that there is specific property within the state belonging to him, or in which he has an interest, from which the judgment in the action, when recovered, may be satisfied. Section 439 of the Code of Civil Procedure expressly provides that "the order must be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served"; and, so far as we have been able to discover, it has been uniformly held, in order to justify an order directing service by publication, or personally without the state, the complaint upon which the order is based must show that the plaintiff has a cause of action. Thus, in Bryan v. Publishing Co., 112 N. Y. 382, 19 N. E. 825, Judge Danforth, referring to this section of the Code, said:

"That act, as is above stated, requires the complaint to show a sufficient cause of action. That condition stands in the place of special cases enumerated in the former Code, and can require nothing less; for, unless a cause of action arises within the state, or the defendant has property therein, and the court has jurisdiction over the subject-matter of the action, neither the person nor the property of the defendant could be affected by any judgment the court might render. He could neither be punished for contempt in failing to obey the order, nor his estate be sold by reason of it. The jurisdiction of the court is limited by the boundaries of the state, and its process could not go beyond that. The facts, therefore, constituting a valid claim against the defendant, must be stated, and it must also appear that the case is one of which the court could take cognizance."

And in Paget v. Stevens, 143 N. Y. 172, 38 N. E. 273, Judge Peckham, referring to the same section, said:

"This language does not mean simply a complaint which would withstand a demurrer based upon the ground that it did not state facts sufficient to constitute a cause of action. The cause of action which is sufficient is one against the defendant, of which the court can take cognizance."

See, also, Chesley v. Morton, 9 App. Div. 461, 41 N. Y. Supp. 463.

Here we are of the opinion that a "sufficient cause of action" is not alleged in the complaint. Perkins v. Montgomery (Sup.) 70 N. Y. Supp. 136; Montgomery v. McDermott (C. C.) 99 Fed. 502; Montgomery v. McDermott, 43 C. C. A. 348, 103 Fed. 801; Adee v. Bigler,

81 N. Y. 349; Adsit v. Butler, 87 N. Y. 585; Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823; and other authorities hereafter cited. The action, as already said, is brought by the assignee of creditors of McHenry, now deceased. McHenry was a nonresident at the time of his death. His executors are nonresidents, and acting under letters issued by a foreign country. No administration proceedings have been taken in this state. The plaintiff has never obtained a judgment at law either against McHenry or against his estate, and he has no lien, either legal or equitable, upon property in this state. Under such circumstances, it is well settled that an action of this character cannot be maintained in this state. Lichtenberg v. Herdtfelder, 103 N. Y. 306, 8 N. E. 526; Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13. In the former case the court said:

"If the plaintiff could obtain the judgment which he seeks, it would result that, without having any lien upon the real estate, he would obtain satisfaction of his claim in preference to the other creditors of the testator. The law gives no preference to a vigilant creditor in the estate of a decedent. It impounds the estate for the benefit of his creditors, and no creditor can, by any proceeding or any degree of vigilance, obtain any preference over others. This scheme of the law would be violated if such an action as this could succeed."

And in the latter:

"Our whole theory of administration arises upon the idea that when a man dies his estate shall answer to his creditors equally, and without preference, and the surrogate is purposely made master of the situation to prevent inequality of payment. This plaintiff could undoubtedly have maintained an action for the benefit of all the creditors after the refusal of the representatives to set this conveyance aside, but instead of that she is seeking, by an ordinary creditors' action, to secure payment of her own debt, regardless of what may happen to others."

It must therefore be held that inasmuch as the plaintiff has never established the validity of his claim in an action of law, and does not hold or has not acquired a lien, by attachment or otherwise, upon the property sought to be reached, the court has no jurisdiction to grant the relief asked, or to render a judgment which can be enforced against the estate of McHenry, he having died prior to the commencement of the action. And as was said by Judge Danforth in Bryan v. Publishing Co., supra:

"The court can give no relief, and the impropriety of issuing an order which, if it leads to a judgment, 'would operate on nothing in the state, and be regarded by nobody out of it,' becomes apparent. It offends every principle by which the jurisdiction of a court can be vindicated, and should not be allowed to stand. * * * In the complaint before us no case is made giving jurisdiction to the courts of this state over the subject of the action or its cause, and defendant is entitled to make the motion, rather than submit to the hardship of coming into the state to defend the action."

The order must therefore be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concur.

INGRAHAM, J. I think that a cause of action was alleged, and that the court had jurisdiction. I dissent.