GUFFEY v. GRAND TRUNK RY. CO. OF CANADA et al.

(Supreme Court, Special Term, Erie County.   May 2, 1910.)

1. JUDGMENT (§ 17*)—PROCESS.

Where personal service of process within the state is not had, and defendant does not voluntarily appear, no judgment in personam can be obtained.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33 ; Dec. Dig. § 17.*]

2. PROCESS (§ 71*)—SUBSTITUTED SERVICE.

Where suit is brought against a nonresident by substituted service, it must partake of the nature of an action in rem.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 85 ; Dec. Dig. § 71.*]

3. COURTS (§ 2*)—JURISDICTION—NONRESIDENTS.

Where a nonresident defendant has no property within a state, and does not subject himself to its jurisdiction, the power to judicially proceed against him is wholly absent.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1 ; Dec. Dig. § 2.*]

4. ATTACHMENT (§ 209*)—SERVICE BY PUBLICATION.

Under Code Civ. Proc. § 638, relating to attachment, and requiring either personal service of the summons or commencement of publication within 30 days after the granting of the warrant, and section 644, relating to the execution of the warrant, where no warrant was in fact issued and defendant was not within the state and had no property therein, an order directing service of the summons by publication would be vacated.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 675–691 ; Dec. Dig. § 209.*]

Action by Oliver G. Guffey against the Grand Trunk Railway Company of Canada and another.  Motion by one of defendants to vacate an order directing service of summons by publication, and to set aside the service of summons without the state.  Order directing service of summons by publication vacated.

John H. O'Day, for the motion.
John D. Coffey, opposed.

WHEELER, J.  This action is brought to recover for personal injuries alleged to have been suffered by the plaintiff in the state of Michigan while riding as a passenger on the railway of the defendant Grand Trunk Western Railway Company between Chicago and Detroit.  This defendant is a foreign corporation, organized under the laws of the state of Michigan.  The summons in the action was issued about the 17th of January, 1910.  On the same day, upon the complaint and an affidavit showing the defendant Grand Trunk Western Railway Company is a foreign corporation, and that the plaintiff would be unable to make personal service of the summons upon the defendant within the state, the county judge of Erie county made an order directing service of the summons by the publication thereof in two newspapers published in the city of Detroit, or, at the option of the plaintiff, by personal service of such process without the state.  The sum-

mons was in fact never published, but in lieu thereof was personally served on one F. W. Egan, the division superintendent of the defendant at Detroit. The defendant in question, upon an affidavit showing these facts, and the further fact that the Grand Trunk Western Railway Company has no property within the state of New York subject to attachment, or which has been attached, and upon all the papers on file in the action, now moves to set aside the order for service by publication, and also the service of said summons, and appears specially on the motion for that purpose. No warrant for the attachment of the defendant's property appears to have been ever granted or issued.

The question presented is whether the county judge possessed power to make any order for the service of the summons by publication in the absence of an attachment levied, or in the absence of any property of the defendant within the state. Plaintiff's counsel contends that, by virtue of sections 638 and 644 of the Code of Civil Procedure, the plaintiff had a right to an order for the publication of the summons before the issue of a warrant of attachment, and that an attachment may follow at any time thereafter. It is conceded in this case no warrant of attachment has in fact ever been granted, and that the time of the defendant in which to appear and answer has now expired if the court should hold the order and service good in law.

Plaintiff's counsel stands upon the provisions of sections 638 and 644 of the Code, and upon the case of Parke v. Gay, 28 Misc. Rep. 329, 59 N. Y. Supp. 890, in which Mr. Justice Beekman, at Special Term, construing the sections in question, held substantially as contended for by plaintiff's counsel in this case. In the case of Parke v. Gay it appeared that an attachment had been issued against the property of a defendant who was a nonresident, and the sheriff had levied on property pursuant to the warrant. The plaintiff failed to secure a personal service of the summons on the defendant within the state, and more than 30 days after the levy obtained an order for service of the summons by publication. Thereupon the defendant moved to vacate the first attachment because of a failure to comply with section 638 of the Code of Civil Procedure, requiring either personal service or the commencement of publication within 30 days after the granting of the warrant. The first attachment was accordingly vacated, but the plaintiff immediately procured a second attachment which was again levied on defendant's property. Thereupon the defendant moved to vacate the order for the publication of the summons on the ground that, when granted, there existed no valid attachment against the defendant's property. The court, however, held that the second attachment was sufficient, and that an order for service by publication could be made even though no attachment preceded or accompanied it. In the course of his opinion, Mr. Justice Beekman discussed sections 638 and 644 of the Code, and ably argued that they contemplated the making of an order for the publication of the summons at any time, and that it is not dependent upon a levy prior to its granting. It cannot be disputed that this decision supports the plaintiff's contention in this case. The only distinguishing fact is that in the case of Parke v. Gay

there was in fact within the state, and within the jurisdiction of the court, property of the nonresident defendant, whereas in this case there is no property whatever of the Grand Trunk Western Railway Company within this state attached or subject to attachment. We infer, too, that in that action the cause of action itself arose within the state, whereas in this case the cause of action arose in the state of Michigan.

Plaintiff's counsel, however, contends that some time in the future property of the defendant may come within this state, and then a warrant may issue and the property be seized to satisfy the plaintiff's claim. If the plaintiff's contention be right, then it follows that although the defendant is a nonresident foreign corporation, owing no allegiance to the law of New York, although it has no property within this jurisdiction entitled to the protection of the laws of the state, although the cause of action sued arose in the state of Michigan, and not in New York, nevertheless the courts of this state have the right to summon this corporation to appear and defend the claim of the plaintiff; and, in the event of its failure to appear and answer, the courts of this state may render judgment against it whenever any property of the defendant can be found within its jurisdiction, even though such property may not come into the state until years after the service by publication is complete.

It is conceded that under section 707 of the Code no judgment can be taken until property has been attached. Parke v. Gay, 28 Misc. Rep. 329, 59 N. Y. Supp. 890. The default may be established at any time, and the levy made at any time after default, if the plaintiff's position is sound. If such is the law, then a nonresident may be sued at any time for any cause of action in this state, a service by publication made, and the claim satisfied out of any property of his which may at any time thereafter be found or brought into the state. This is the penalty he would be forced to pay for not recognizing the right of a state to compel him to litigate a claim in its courts, although he owed the state no duty or allegiance. We think the statement of the case carries with it its own condemnation, and we are not disposed to follow the rule as laid down by Mr. Justice Beekman in Parke v. Gay, in so far as it relates to this case. In our opinion, to sustain an order for service of process by publication, and any judgment which might be predicated thereon, would amount to the taking of property without "due process of law."

The questions involved go deeper than the mere construction of the provisions of certain sections of the Code of Civil Procedure. It involves the right of the Legislature to pass laws authorizing a judgment obtained under the circumstances presented in this case. The question is whether such a proceeding does not violate the provisions of the United States Constitution containing a guaranty against depriving a person of life, liberty, or property without due process of law. It is well-recognized law that in actions where personal service of process within the state is not had, and the defendant does not voluntarily appear, no judgment in personam can be obtained. Schwinger v. Hickok, 53 N. Y. 280. Where suit is brought against a nonresident

by substituted service, it must partake of the nature of an action in rem. Chesley v. Morton, 9 App. Div. 461, 41 N. Y. Supp. 463; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. If, however, there is no property—no "res"—within the jurisdiction of the court against which to proceed, it would logically seem that there existed no foundation for such a proceeding, and judicial steps are unauthorized for want of jurisdiction of the court to act. The United States Supreme Court is the tribunal where such questions must be finally settled, and we understand that court has held against the plaintiff's contention in most carefully considered cases. One of the earliest decisions is that of Cooper v. Reynolds, 10 Wall. 318 (19 L. Ed. 931), where the court says:

"If the defendant appears, the cause becomes mainly a suit in personam, with the added incident that the property attached remains liable, under the control of the court, to answer to any demand which may be established against the defendant by the final judgment of the court. But, if there is no appearance of the defendant, and no service of process on him, the case becomes, in its essential nature, a proceeding in rem, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff.

"That such is the nature of this proceeding in this latter class of cases is clearly evinced by two well-established propositions: First. The judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court or in any other, nor can it be used as evidence in any other proceeding not affecting the attached property, nor could the costs in that proceeding be collected of defendant out of any other property than that attached in the suit. Second. The court in such a suit cannot proceed unless the officer finds some property of defendant on which to levy the writ of attachment. A return that none can be found is the end of the case, and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court."

This case is followed by the later case of Pennoyer v. Neff, 95 U. S. 714, 723, 724, 726, 727, 728, 24 L. Ed. 565, where the doctrine of Cooper v. Reynolds is affirmed, and in the course of the discussion the court, among other things, said:

"It is in virtue of the state's jurisdiction over the property of the nonresident situated within its limits that its tribunals can inquire into that nonresident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property. If the nonresident have no property in the state, there is nothing upon which the tribunals can adjudicate. * * * If, without personal service, judgments in personam, obtained ex parte against nonresidents and absent parties, upon mere publication of process, which, in the great majority of cases, would never be seen by the parties interested, could be upheld and enforced, they would be the constant instruments of fraud and oppression. Judgments for all sorts of claims upon contracts and for torts, real or pretended, would be thus obtained, under which property would be seized, when the evidence of the transactions upon which they were founded, if they ever had any existence had perished. * * * The want of authority of the tribunals of a state to adjudicate upon the obligations of nonresidents, where they have no property within its limits, is not denied by the court below; but the position is assumed that, where they have property within the state, it is immaterial whether the property is in the first instance brought under the control of the court by attachment or some other equivalent act, and afterwards applied by its judgment to the satisfaction of demands against its owner, or such

demands be first established in a personal action, and the property of the nonresident be afterwards seized and sold on execution. But the answer to this position has already been given in the statement that the jurisdiction of the court to inquire into and determine his obligations at all is only incidental to its jurisdiction over the property. Its jurisdiction in that respect cannot be made to depend upon facts to be ascertained after it has tried the cause and rendered the judgment. If the judgment be previously void, it will not become valid by the subsequent discovery of property of the defendant, or by his subsequent acquisition of it. The judgment, if void when rendered, will always remain void. It cannot occupy the doubtful position of being valid if property be found, and void if there be none."

It would seem, in view of the full and specific enunciations from the highest court in the land, that there could be little doubt that where a nonresident defendant has no property whatever within a state, and does not subject himself to its jurisdiction, that the power to judicially proceed against him is wholly absent.

It is true that under the provisions of our Code of Civil Procedure no final judgment can be entered until property has, in fact, been attached, and then the judgment can only be satisfied out of the attached property. Nevertheless, if the court can grant an order for a substituted service of process by publication when there is no property in the state to attach, the nonresident defendant may be foreclosed and his right to appear and answer lost while that situation continues, and before any attachable property comes into the state. In our judgment this violates the meaning and spirit of the law, as pronounced by the United States Supreme Court. The mere possibility that some time in the future the nonresident may have property in this state ought not to be sufficient to warrant judicial proceedings.

The case of Bryan v. University Publishing Co. of N. Y., 112 N. Y. 382, 19 N. E. 825, 2 L. R. A. 683, in a general way supports the view above expressed. In Montgomery v. Boyd, 60 App. Div. 133, 70 N. Y. Supp. 139, it was held that the nonresidence of a defendant is not in and of itself sufficient under section 439 of the Code of Civil Procedure to justify an order directing service of a summons upon him by publication or personally without the state, but that in addition to the nonresidence it must appear that the plaintiff has a cause of action against such defendant, and that there is specific property within the state belonging to him from which the judgment in the action may be satisfied. See, also, Paget v. Stevens, 143 N. Y. 172, 38 N. E. 273; Montgomery v. Boyd, 60 App. Div. 133, 70 N. Y. Supp. 139; Grant v. Cobre Grande Copper Co., 126 App. Div. 750, 111 N. Y. Supp. 386, reversed in 193 N. Y. 306, 86 N. E. 34; Chelsey v. Morton, 9 App. Div. 463, 41 N. Y. Supp. 463—all of which tend to sustain the position taken by the court as to the facts required to sustain an order for a substituted service.

For these reasons, we think the order directing service of the summons by publication should be vacated and set aside.

So ordered, without costs of motion.