(68 Misc. Rep. 524.)

## GALLAGHER et al. v. APPLEY et al.

(Supreme Court, Special Term, New York County. August 9, 1910.)

ATTACHMENT (§ 143*)—ATTACHMENT SUBSEQUENT TO SERVICE BY PUBLICATION.
　　Under Code Civ. Proc. § 638, providing that a warrant of attachment may be granted, to either accompany the summons, "or at any time after commencement of the action, and before final judgment," and that within 30 days after the granting of the warrant service of the defendants against whose property the warrant is granted, if personal, must be made, or, if by publication, must be commenced, the attachment need not precede the order for service by publication, but an attachment having been first made, and failed because the order of publication was not commenced within 30 days thereafter, another valid attachment may be made after service by publication is finally made. ·
　　[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 395–400; Dec. Dig. § 143.*]

Action by Joseph D. Gallagher and another against Charles H. Appley and others. Charles H. Appley and certain other defendants appear specially, and move to vacate a warrant of attachment. Motion denied.

Percy Jackson, for defendants Charles H. Appley and others, appearing specially for the motion.

Brownell & Patterson (S. B. Brownell, of counsel), for plaintiffs.

Henry Meyer, for defendant Walter Appley, in support of the motion.

Elliot T. Smith, for guardian ad litem of infant defendants, in support of the motion.

Treadwell Cleveland, for plaintiffs, opposed.

GIEGERICH, J. Certain ones of the defendants, appearing specially for the purpose, have moved to vacate the warrant of attachment granted herein on March 28, 1910, and the levies made or attempted thereunder; such motion being based upon the ground that the order for the service of the summons by publication was made without jurisdiction.

The motion is based chiefly upon the proposition that the court has no jurisdiction whatever of the action, because there was no service of the summons upon any of the defendants, nor was service thereof by publication commenced within 30 days after the granting and issu-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing of the attachment. Service by publication had not only been commenced, but it had been completed before the attachment now under consideration was obtained; but this fact the defendants maintain is ineffective. A previous attachment in the same action was obtained several months ago, but no service of the summons was made within 30 days thereafter, nor was publication thereof commenced within 30 days, and the plaintiffs themselves procured an order vacating such former attachment. The theory of the defendants seems to be that an order of publication requires the existence of a warrant of attachment to support it, and that it is not permitted to first procure an order of publication, and begin or complete the publication thereof, and later procure the attachment. This theory is in conflict with the authorities. In Sabin v. Kendrick, 2 App. Div. 96, 37 N. Y. Supp. 524, the court said:

"The service of the summons without the state would have been perfectly good, although there had been no attachment whatever. The Code, in the provisions relating to attachment, nowhere declares that the action shall abate or the court be ousted of jurisdiction by reason of a delay of more than 30 days in the personal service of the summons or the beginning of the publication thereof; and in the absence of such a provision in express terms we can perceive no good reason for extending the effect of the omission beyond the avoidance of the attachment."

So, in Clarke v. Boreel, 21 Hun, 594, the court said:

"The motion is based upon the idea that because no attachment had been or could be issued against defendant's property, and no judgment could be entered against her by default without proof of such attachment as required by section 635 of the Code, therefore the court has no jurisdiction to make the order of publication. The idea is a mistaken one."

An observation made by the court in McCarthy v. McCarthy, 13 Hun, 579, throws light on the point under discussion, where it is said:

"Three modes of serving a summons are provided by the Code: Personal, substituted, and by publication. Regular service in either mode gives the court complete and absolute jurisdiction. If service be made in either of the two latter modes, the defendant may be let in to defend in certain circumstances which would debar him if the service were personal (section 445); but the jurisdiction acquired is not conditional merely, and liable to be divested, as in the case where it is acquired by the granting of a provisional remedy."

So in this case the jurisdiction originally acquired by the granting of the first attachment was lost because it was not followed by publication of the summons commenced within 30 days; but the jurisdiction acquired by the publication of that summons when it was finally published was in no wise conditional, and the Code (Code Civ. Proc. § 638) provides that a warrant of attachment may be granted, either to accompany the summons "or at any time after the commencement of the action and before final judgment therein."

Parke v. Gay, 28 Misc. Rep. 329, 59 N. Y. Supp. 890, was a case similar to the present one, in that there the first warrant of attachment had fallen because of failure to personally serve the summons or begin publication thereof within 30 days after the granting of the warrant. While the publication of the summons was in progress the plaintiff obtained a second warrant of attachment which the defendants, after the expiration of 30 days, moved to vacate, which motion was denied.

On behalf of the defendants reliance is placed on the recent Special Term decision made in Guffey v. Grand Trunk Ry. Co., 122 N. Y. Supp. 947, in which it was held that where a nonresident defendant has no property within the state, and does not subject himself to its jurisdiction the power to judicially proceed against him is wholly absent, and the court accordingly vacated the order directing service of the summons by publication. That case is distinguishable from the present, however, because there the nonresident defendant had no property within the state, while here it appears clearly that the defendants had such property at the time the order of publication was obtained, and still so have.

Another point, not specifically mentioned in the motion to vacate, but advanced in the briefs on behalf of the defendants, is that the court obtained no jurisdiction to grant an order for the service of the summons by publication under section 439 of the Code of Civil Procedure, because the complaint does not state a sufficient cause of action.

It is a sufficient answer to this argument to say that, whether or not the complaint states a good cause of action for a complete performance of the contract in question, it undoubtedly states a cause of action for the recovery of some amount, because, on the theory most adverse to the plaintiffs, the complaint shows that they were retained, and performed substantial services, and have never received any compensation.

It might be further observed that no question is raised as to the amount in which the attachment has been obtained.

The motion to vacate is denied, but without costs.