(32 App. Div. 203.)

PEOPLE ex rel. CATHOLIC UNION OF CITY OF ALBANY v. SAYLES et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1898.)

1. TAXATION—ASSESSMENT—FORM OF ENTRY.
    Though the form of the entry of the assessment does not distinguish the portion of property exempted from the portion assessed, the owner is not prejudiced, where the return of the assessors clearly shows that in making the assessment he was allowed the benefit of the exemption.

2. SAME—EXEMPTIONS—CHARITABLE PURPOSES.
    Under Laws 1896, c. 908, § 4, subd. 7, as amended by Laws 1897, c. 371, providing that the property of a corporation organized exclusively for the moral and mental improvement of men or women, or for charitable, benevolent, or literary purposes, and used exclusively for carrying out such purposes, shall be exempt from taxation, but, if a portion only of such property is exclusively so used, then it shall be exempt only to the value of such portion, the portion of the property of a benevolent association leased for public meetings, the revenues from which are devoted to benevolent purposes, is subject to taxation.

3. STATUTES—IMPLIED REPEAL—TAXATION.
    Laws 1890, c. 518, § 2, amending Laws 1870, c. 51, § 5, so as to read that a building owned by a corporation whose object is the promotion of the well-being of young men, women, and boys, which is entirely occupied by it for its proper uses only, shall be exempt from taxation, was repealed by Laws 1892, c. 378, which specifically repealed Laws 1870, c. 51, and section 54 of which provides that repeals in the act shall include all laws

53 N.Y.S.—5

Appeal from special term, Albany county.

Certiorari on the relation of the Catholic Union of the City of Albany against William Sayles and others, as assessors of said city. From an order directing that an assessment be stricken from the rolls, the assessors appeal. Reversed.

Argued before PARKER, P. J., and LANDON, PUTNAM, and MERWIN, JJ.

John A. Delehanty, for appellants.

James F. Tracey and John T. McDonough, for respondent.

LANDON, J. The relator is a corporation organized exclusively for benevolent purposes, and owns the real estate assessed. This consists of a lot upon the corner of Eagle street and Hudson avenue, in the city of Albany, occupied by a large building, a portion of which is used exclusively by the relator for carrying out thereupon one or more of the purposes of its organization; and that portion the assessors properly exempted from taxation. The other portion is not so exclusively used. It consists of a large public hall, which the relator leases, as suitable opportunities to do so occur, for hire to others for exhibitions, entertainments, and public meetings of a worthy character,—the relator applying the revenues thus received to the purposes of its organization; and therefore, within the case of People v. Sayles (herewith argued and decided) 53 N. Y. Supp. 67, the assessors properly assessed the same. The form of the entry of the assessment does not distinguish the portion exempted from the portion assessed, but the return clearly shows that in making the assessment the relator was allowed the benefit of the exemption, and therefore is not prejudiced by the form. We do not think the evidence justifies us in interfering with the amount of the assessment.

The relator claims that its real estate was exempted from taxation under section 2 of chapter 518 of the Laws of 1890, which, by amending section 5 of chapter 51 of the Laws of 1870, extended an exemption to its real estate if "entirely occupied by such association and in actual use by it for its proper corporate uses only." The relator claims that this act is not repealed by the general tax law (chapter 908, Laws 1896, amended by chapter 371, Laws 1897). Section 2, c. 518, Laws 1890, does not appear in any schedule of repealed laws; but chapter 51, Laws 1870, was repealed by chapter 378, Laws 1892. Section 54 of the latter act declares, "Repeals in this act shall not revive any law hereby repealed, but shall include all laws amendatory of the laws hereby repealed;" and thus section 2, c. 518, Laws 1890, was repealed. We also think that it was repealed by the general tax law; that the intention of the legislature was influenced by the mass of special legislation upon the subject of exemptions, and by

the need of a uniform system; and that, as it may be gathered from the statute itself, it was to establish a system which should place exemptions of the real property of charitable corporations upon a basis of clearly-defined equity, free from the unsystematic partialities of special favoritism, and free from the danger of hazarding their usefulness by embarking in outside enterprises. We think the statute apt in its provisions to accomplish such a result. It may be that the strict rule will in some instances work a hardship to worthy societies like the relator, but experience probably has demonstrated that charitable institutions do better by making safe investments than by attempting the management of outside enterprises, and it may be safely predicted that a strict adherence to the statute will in the end have a most beneficent result.

The order should be reversed, with costs. All concur.