(119 App. Div. 66)

### HEYWARD et al. v. MAYNARD.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. REPLEVIN—WEIGHT AND SUFFICIENCY OF EVIDENCE.

In an action to recover possession of securities alleged to have been acquired by force and fraud, evidence examined, and *held* not to sustain a finding of force or fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 295.]

2. ATTORNEY AND CLIENT—ATTORNEY'S LIEN—RIGHT TO LIEN.

Error in a referee's finding that an attorney obtained possession of certain securities by fraud will necessarily vitiate his finding that there was no attorney's lien on the securities.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 378.]

3. SALE.

On a counterclaim under an alleged attorney's lien in an action for the possession of securities, evidence examined, and *held* to sustain the lien and counterclaim.

4. SAME—SUBJECT-MATTER TO WHICH LIEN ATTACHES.

One of the plaintiffs owned securities which he had placed in trust, a certain part of the income to be paid to his mother, the other plaintiff. The trustee subsequently canceled the trust and delivered the securities to the defendant, who, as an attorney, had rendered services to each of the plaintiffs separately and to both jointly. Plaintiffs had agreed that defendant should take his pay for all services out of the securities. Plaintiffs brought an action to recover possession of the securities, and defend-

ant set up a counterclaim for all of his services under an alleged attorney's lien. *Held*, that defendant had a lien, and was entitled to pay for all of his services out of the securities.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 403.]

Appeal from Judgment on Report of Referee.

Action by Frank D. Heyward and another against Reuben L. Maynard. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Frank S. Black, for appellant.

John L. Hill, for respondents.

HIRSCHBERG, P. J. This appeal has been reargued by order of the court; only four members sitting on the original argument, and being then divided in opinion on some of the questions presented. The action is brought to recover possession of certain securities, which it is alleged the defendant, an attorney and counselor of the Supreme Court of this state, acquired by force and fraud. The answer, besides denying the charge of force and fraud, asserts a lien upon the securities for professional services rendered to the plaintiffs, together with a counterclaim for the value of such services. The referee has found that the possession of the securities was obtained by the defendant by fraudulent means, and that he never became entitled to any lien thereon, or to any compensation for services in connection with them, and the judgment appealed from, based upon the report, requires the immediate delivery of the securities to the plaintiff, the beneficiary of the trust, and dismisses the counterclaim.

There is no evidence whatever tending to establish any fraudulent conduct on the part of the defendant. On the contrary, aside from the mere assertion of a lien on his part and the taking possession of the securities in question, his conduct throughout all the transactions disclosed in the record has been that of an honorable, upright, and zealous attorney. As he could not acquire a lien by fraud, the finding of fraud by the referee necessarily vitiates his finding that there was no lien, and on this ground alone the judgment must be reversed.

In view of the fact that a new trial will be necessary, it is deemed desirable that a brief statement should be made of the facts in the case and the view entertained by the court of the proper conclusion to which they lead. The plaintiff Frank V. Heyward, in the month of July, 1899, executed a trust to the Fifth Avenue Trust Company, of New York, as trustee, in a number of securities, the income of which, to the extent of $3,500, was to be paid to the plaintiff, his mother, Georgie Anna MacDonald, annually during her life, and the remainder of the income to him. From the time of the execution of this trust down to the time the defendant acquired possession of the securities as complained of, the defendant, as attorney, on the written consent of both plaintiffs, withdrew a large amount of the trust property, which was turned over to and used for the benefit of Heyward. This was in accordance with a provision of the trust deed to the effect that upon such written consent all or any part of the principal of the trust

fund might be withdrawn from the trust and turned over to him. It is unnecessary to refer to these transactions in detail. It is sufficient to say that they were occasioned by the pecuniary necessities of Heyward, and that in consequence of them the trust fund was being rapidly depleted. In the latter part of the year 1903 it became necessary to make a further withdrawal in order to meet Heyward's financial needs. Prior to that time, however, the parties had been notified by the Fifth Avenue Trust Company that, in case any more withdrawals should be made, the entire trust fund remaining should be taken away and the trust canceled; and it was agreed between the plaintiffs and the defendant that the latter should prepare papers for a new trust, naming the United States Trust Company as trustee, the new trust fund to consist of the securities which should remain after the then pressing needs of the plaintiff Heyward had been met, and after the defendant's bill for services against both the plaintiffs had been paid out of such securities.

The parties met at the office of the Fifth Avenue Trust Company, in December, 1903, and the securities then remaining were produced and delivered. They were laid upon a table and were taken by the defendant into his possession. There is practically no dispute whatever about the fact that the parties met in order that the defendant should then and there receive the securities and take them into his possession, that he should realize from them the amount which it was necessary the plaintiff Heyward should then have and the amount which was necessary to pay the defendant's bill against both the plaintiffs, and that he should draw up and have executed the necessary deed to create a trust with the United States Trust Company as to the remainder of the securities under terms similar to the trust then about to be canceled. The most explicit evidence that his bill was to be first paid was given by the plaintiff, the beneficiary, Mrs. MacDonald. She said:

"The arrangement that Mr. Maynard had made with me was that a new trust should be created and that the securities should be put in the United States Trust Company under a new deed of trust, after he took out the amount of the bill, though."

The evidence justified the conclusion that the defendant, who had worked for both plaintiffs in connection with this trust and other matters for a number of years without being paid, seeing that the fund was being rapidly depleted, insisted on being paid before the new trust was created, and that the parties agreed that he should be so paid in the manner already stated. It is true that, after he had taken possession of the securities, the plaintiffs protested, and at their request he gave a receipt for them. If, however, his possession of the securities was contemplated by the parties when they met at the office of the Fifth Avenue Trust Company, he certainly obtained a legal lien by virtue of their possession, which could not be destroyed by any subsequent repentance on the part of the plaintiff; and in any event, independently of his possession of the securities or his right to the possession of them, the transaction and agreement gave to him an equitable lien upon them, which he is entitled to assert and enforce in this action.

I do not think the fact that his bill is not all for services rendered jointly to the plaintiffs is material. It was stated on the argument that a part of the bill was for services rendered to the plaintiffs separately, and part for services rendered to them jointly. Assuming this to be the fact, they were still at liberty to agree that he might take his pay out of the securities before creating the new trust. On the commencement of the action, the defendant brought the securities into court and deposited them, subject to the suit; and I see no reason why his counterclaim for the actual value of the services rendered is not good as against the plaintiffs' claim for the possession of the securities, whether his lien be a legal one, or only equitable in its nature.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.