NATELLA v. PRINSTEIN.

(Supreme Court, Appellate Term. January 15, 1909.)

1. EVIDENCE (§ 442*)—ORAL AGREEMENT CONTEMPORANEOUS WITH WRITING.

In an action by an assignee for money deposited in escrow for the payment of alleged claims against property, where the escrow agreement is silent as to the disposition of the money in case it is not all used for the purpose specified, parol evidence is admissible to show a contemporaneous agreement that any balance in defendant's hands after compliance with the agreement might be retained by him and credited on account of his claims against the person making the deposit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 442.*]

2. SET-OFF AND COUNTERCLAIM (§ 49*)—NATURE OF CLAIM.

Contemporaneous with the deposit of money with defendant for the payment of certain claims against the property of the depositor, the latter agreed that any balance of the money remaining after payment of such claims should be retained by defendant to apply on claims by him for services rendered. *Held* that, in an action by a subsequent assignee of the fund after the conditions of the deposits had been complied with, defendant may set up his rights under such contract to the money as a counterclaim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 107–117; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Saverio Natella against Myer Prinstein. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Slade & Slade, for appellant.

Jacob H. Corn, for respondent.

GUY, J. This action was brought to recover the sum of $200 deposited with defendant under an escrow agreement that the same should be applied to the payment of certain water rents and other charges against property owned by one De Rosa, which moneys plaintiff alleges defendant converted to his own use. The action is brought for conversion, but the evidence tends rather to establish a cause of action for money had and received for De Rosa, from whom plaintiff claims title by reason of a subsequent assignment, the making of which was admitted by defendant during the course of the trial. The answer admitted the deposit of the moneys, denies conversion, alleges title in De Rosa, and sets up a counterclaim for legal services render-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed by defendant to De Rosa during the course of the transactions in connection with which the money was deposited. The escrow agreement recites that it is between Natella (the plaintiff), De Rosa, and Prinstein (the defendant) trustee, and is silent as to the disposition of the moneys or as to whom they were deemed to belong in the event of their not being used for the purpose specified in the escrow agreement.

The circumstances under which the deposit was made were as follows: The plaintiff bought from Shenker, Reichman & Shanske a certain junior mortgage upon premises owned by De Rosa. In the course of negotiations for the purchase and assignment of the mortgage a question arose as to certain unpaid water rents connected with said property, which had been disputed by the owner and were then in process of adjustment with the water department of the city. It was finally agreed that $200 of the purchase price of said mortgage should be deposited with the defendant herein to be applied to the payment of the water rents and the discharge of the liens therefor which existed against the property, and De Rosa, the owner, at the time of the depositing of such sum with the defendant, gave his promissory note to the assignors of the mortgage for like amount, whereupon the mortgage was duly assigned and delivered to plaintiff. While negotiations were pending with the water department, a foreclosure proceeding was instituted upon a prior mortgage against the owner, De Rosa, during the progress of which litigation the matter of water rents was disposed of so that the sum so deposited with the defendant was never used for the purpose for which it was intended. By reason of this foreclosure proceeding the mortgage purchased by plaintiff became worthless, and a subsequent agreement was entered into between plaintiff and De Rosa, which included an assignment to plaintiff of De Rosa's interest in the moneys which had been deposited with the defendant.

Defendant, when called as a witness, testified that at the time of the making of the deposit it was agreed between him and De Rosa that, in the event that only part of the moneys should be used for the payment of water rents, etc., the balance should be retained by defendant and credited on account of his claim for services against De Rosa. This testimony, on objection, was stricken out by the court, and an exception noted. Defendant then testified to a subsequent conversation at which the defendant, De Rosa, and the plaintiff were present, in which it was stated that the moneys belonged absolutely to De Rosa, and that such portion as was not used for the payment of the water rents should be credited by defendant on account of his claim against De Rosa. The uncontradicted evidence in the case seems to have established title in De Rosa to the moneys deposited with defendant, and, inasmuch as they were part of the purchase price of the mortgage, plaintiff, upon receiving assignment of said mortgage, parted with all title to the moneys so deposited which, upon the giving of the note by De Rosa to the assignors of the mortgage, became absolutely the property of De Rosa, and plaintiff's present title thereto, if any, was derived through the subsequent assignment from De Rosa, which was subject to defendant's lien for services, whether legal or

equitable. Heyward v. Maynard, 119 App. Div. 66, 103 N. Y. Supp. 1028.

Defendant on the trial sought to introduce evidence as to the nature and extent of his counterclaim, which evidence was excluded by the court, and an exception taken. The exclusion of this evidence was error and prejudicial to defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.