ANDERSON v. LISMAN et al.

(Supreme Court, Appellate Division, First Department. January 22, 1909.)

1. DISCOVERY (§ 40*)—STATUTES—PURPOSE OF EXAMINATION—FACTS NECESSARY FOR PLEADING.

In a creditors' action based on a contract between defendant debtor and another, where defendant admitted the contract, but denied that it was correctly alleged, defendant's undisputed connection with the transaction was sufficient to justify a presumption that he knew the terms of the contract so as to entitle plaintiff to an examination before trial to ascertain the terms of the contract.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 40.*]

2. DISCOVERY (§ 61*)—STATUTES—ORDER—MODIFYING ORDER.

If an order for examination of defendants before trial was too broad, their remedy was to move to limit the scope of the order, and not to vacate it in toto.

[Ed. Note.—For other cases, see Discovery; Cent. Dig. § 75; Dec. Dig. § 61.*]

Appeal from Special Term, New York County.

Action by Julius S. Anderson, for himself and all other creditors of the Iron Railway Company, against Frederick J. Lisman and others, doing business as F. J. Lisman & Co., and the Iron Railway Company. From an order vacating an order for an examination of the individual defendants, plaintiff appealed. Reversed, and motion to vacate denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Hugh A. Bayne, for appellant.
Clayton J. Heermance, for respondents.

PER CURIAM. We think that the affidavit upon which the order for the examination of the individual defendants was granted was sufficient to sustain the order. The basis of the action is the contract between the Detroit Southern Railway Company and the Iron Railway Company. The defendants admit that there was such a contract, but deny that it is correctly set forth by plaintiff. He is certainly entitled to examine them to find out what the actual contract was. We think, also, that it is made apparent that defendants have knowledge as to the payment and disposition of the consideration. At least, their undisputed relation to the transaction is such as to justify the presumption that they have such knowledge, and this is sufficient. Grant v. Greene Consol. Copper Company, 118 App. Div. 850, 853, 103 N. Y. Supp. 674, 676. It may be that the order permitted too wide a scope for the examination. Upon that point we express no opinion, but, if

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it did, the defendants' remedy was to move to limit the examination, but not to vacate it in toto.

As the plaintiff is clearly entitled to some examination, the order vacating the order for examination must be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs, without prejudice to a motion by defendants to limit the scope of the examination. A date for the examination to proceed will be fixed in the order to be entered hereon, which will be settled on notice.