VAN MATER v. POST.

(Supreme Court, Appellate Division, Second Department.   November 17, 1911.)

1. PROCESS (§ 86*)—SERVICE—SERVICE BY PUBLICATION.

Code Civ. Proc. § 439, requires an order for service by publication to be founded upon a verified complaint showing a cause of action against defendant and proof by affidavit of the additional facts required by section 438, and also, where the application is made because defendant is a nonresident, or where the complaint demands judgment affecting an interest in realty within the state claimed by one of the parties, that the plaintiff has been unable, with due diligence, to make personal service. *Held*, that plaintiff is not entitled to an order of publication against a nonresident defendant unless the cause of action arises within the state or defendant has property therein.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 100; Dec. Dig. § 86.*]

2. PROCESS (§ 96*)—SERVICE—PUBLICATION—NONRESIDENT DEFENDANT.

The affidavit of plaintiff's attorney in support of an order for service by publication in an action against a nonresident stated that deponent was acquainted with an attorney with offices in New York City, that such attorney informed deponent that he was executor of the estate of defendant's father, that he knew defendant, that defendant resided and did business in a certain town in New Jersey, and "that defendant had an interest in the estate of his father. * * * Deponent further says that a writ of attachment has been issued in this action," and that it is necessary to serve defendant personally or obtain service by publication within 30 days after issuance of the writ. *Held*, that the affidavit did not show that defendant had any property within the state so as to authorize an order for service by publication.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 96.*]

Appeal from Special Term, Kings County.

Action by George G. Van Mater against Richard T. Post. From an order denying a motion to vacate an order of publication, defendant appeals. Reversed, and motion to vacate granted.

Argued before JENKS, P. J., and THOMAS, CARR, HIRSCHBERG, and RICH, JJ.

William Adams Robinson, for appellant.
Howard S. Kinney, for respondent.

CARR, J.  The defendant in this action is a resident of the state of New Jersey. He was served personally in that state with a copy of the summons and complaint herein, pursuant to the provisions of an order for publication of the summons or for personal service without the state, based upon the summons, the complaint, and affidavits of the plaintiff and his attorney. The defendant has appeared specially for the purpose of moving to set aside the order for substituted service, and from an order denying his motion he now appeals.

[1] The circumstances under which an order for the publication, or for personal service without the state, are prescribed in section 439 of the Code of Civil Procedure. In Bryan v. University Pub. Co. of N. Y., 112 N. Y. 382, 19 N. E. 825, 2 L. R. A. 638, it was held that this section required the same conditions as were prescribed in section

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

135 of the former Code of Procedure, and that no order of publication of the summons could be made "unless a cause of action arises within the state, or the defendant has property therein, and the court has jurisdiction over the subject of the action." This ruling was followed in Paget v. Stevens, 143 N. Y. 172, 38 N. E. 273, and numerous other cases of which the most recent is Grant v. Cobre Grande Copper Co., 126 App. Div. 750, 111 N. Y. Supp. 386. The appellant makes numerous objections to the sufficiency of the papers on which the order of publication of the summons herein was granted, but it will be necessary for the purposes of this appeal to consider but few of them. From the complaint herein, it appears that the cause of action pleaded arises upon a judgment obtained by the plaintiff against the defendant in the state of New Jersey. Therefore the cause of action did not arise within this state.

[2] The next question is: Do the papers on which the order was based show that the defendant has property within this state? There is no express statement to that effect to be found in any of the papers upon which the order was based. The only statement upon this point is to be found in the affidavit of the plaintiff's attorney, which is as follows:

"Deponent further says: That he is acquainted with John M. Wellbrock, Esq., an attorney at law, with offices at No. 44 Court street, borough of Brooklyn, Kings county, New York. That deponent conversed with said John M. Wellbrock about the defendant, and said John M. Wellbrock informed deponent that he, said Wellbrock, was appointed executor of the estate of Lewis R. Post, deceased, father of this defendant, and that he, said Wellbrock, knew defendant and informed deponent that defendant resided and did business in East Orange, N. J., and that defendant had an interest in the estate of his father. * * * Deponent further says that a writ of attachment has been issued in this action, and that it is necessary under the law to serve deponent (sic) personally, within or without the state or begin service by publication within 30 days after the day of the issuing of the writ of attachment."

This language falls far short of an allegation that the defendant had any property within the state of New York. It states that a writ of attachment has been issued, but it does not state that a levy was made under the writ. It states that the defendant has an interest in the estate of his deceased father, but it does not state whether said decedent died a resident of this state, or whether the decedent's estate was being administered in this state, or whether any of the property of the decedent was located in this state. Under these circumstances, the papers on which the order of publication was based fail clearly to show the existence of the jurisdictional facts which are necessary to sustain the order. Had the cause of action, pleaded in the complaint herein, arisen within this state, a different question would be presented.

The order of the Special Term is reversed, with $10 costs and disbursements, and the motion to vacate the order of publication and to set aside the service of process made thereunder is granted, with $10 costs. All concur.