**HAASE et al. v. MICHIGAN STEEL BOAT CO.**

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. JUDGMENT (§ 17*)—PROCESS—SUBSTITUTED SERVICE—EFFECT.

An action brought against a foreign corporation by substituted service is in the nature of an action in rem; and hence, until there is property of the defendant within the state, the court acquires no jurisdiction to enter judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

2. JUDGMENT (§ 17*)—SUBSTITUTED SERVICE—DUTY TO ANSWER.

By substituted service on a nonresident, the court acquires no jurisdiction of the defendant in personam, and he is not required to answer until an attachment is levied on his property within the state, until which time the service of summons as the means of acquiring jurisdiction is not complete, so that defendant is entitled to appear and answer within 20 days after the levy of the attachment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 17.*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by William A. Haase and another against the Michigan Steel Boat Company. From an order vacating a judgment entered on default, plaintiffs appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Benjamin Jaffe, for appellants.
Charles J. Leslie, for respondent.

SCOTT, J. On August 10, 1910, an order for substituted service was made authorizing service of the summons on the defendant, a nonresident corporation, in an action by a resident of this state for damages for breach of contract, and personal service of the summons and complaint was made on the defendant at Detroit, Michigan, on October 19, 1910. It does not appear that defendant had at that time any property in this state. The defendant did not then appear in the action. Six months afterwards, personal property of defendant having come into this state, and on February 28, 1911, plaintiffs procured an attachment and caused it to be levied upon said personal property, and at the same time a copy of the summons and complaint was personally served within the state on defendant's secretary. On March 3, 1911, an attorney for the defendant served a notice of appearance upon plaintiffs' attorney, which was promptly returned with a statement that the reason for its return was that it had not been served within the time required by the Code of Civil Procedure, and was served after defendant was in default. On March 16, 1911, the defendant's attorney served upon plaintiffs' attorney an answer which was promptly returned with a notice similar to that which had accompanied the return of the notice of appearance. Thereafter, and on or about the 24th day of March, 1911, without notice to defendant or its attorney, plaintiffs procured an order for judgment and for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the assessment of damages, and on the 6th day of April, again without notice to defendant or its attorney, plaintiffs, having caused the damages to be assessed, entered the judgment now sought to be vacated.

The position taken by the plaintiffs herein is that by service on defendant in Michigan the court acquired jurisdiction of the defendant, although no attachment was then issued and the defendant had no property in this state which could be levied upon under attachment; that the only limitation to be found in the Code of Civil Procedure upon the effectiveness of such service is that contained in section 1217 to the effect that judgment may not be entered where the defendant is a nonresident or a foreign corporation, and has not appeared, except upon proof that a warrant of attachment granted in the action has been levied upon property of the defendant; and that such a warrant of attachment need not accompany the order for substituted service of the summons and complaint, but may be granted "at any time after the commencement of the action and before final judgment therein." Code Civ. Proc. § 638. Their contention is that after the service upon defendant in Michigan it had 62 days within which to appear in the action; that, having failed so to appear, it became in default; and that thereafter plaintiffs, while they could not enter judgment, could wait for any length of time until property belonging to defendant came into the state, when an attachment might be procured and levied and judgment entered upon defendant's prior default.

The order authorizing substituted service upon defendant was made under subdivision 1, § 438, Code Civ. Proc., which authorizes such an order "where the defendant to be served is a foreign corporation." There is no provision, as there was in the former Code of Procedure (section 135), that it must also appear that the defendant, being a foreign corporation, "has property within the state, or the cause of action arose therein." The question is as to the effect of such service unaccompanied by a warrant of attachment. The question has been discussed, but not as yet authoritatively settled. In Parke v. Gay, 28 Misc. Rep. 329, 59 N. Y. Supp. 890, Mr. Justice Beekman had before him a motion to vacate an attachment which had been issued after the granting of an order for the publication of the summons, and after the commencement of the publication, but before the publication and service had been completed. His conclusion was that the order for service for publication, although made before the issue of the attachment, was sufficient to sustain the writ. In that case there was no question as to when defendant's time to appear and answer expired. In Guffey v. Grand Trunk Railway, 67 Misc. Rep. 553, 122 N. Y. Supp. 947, Mr. Justice Wheeler set aside the service of a summons and complaint under an order for substituted service, upon the ground that such service was invalid unless accompanied by proof that the defendant, a nonresident corporation, had property within this state. We think that the present order may be sustained without going so far as that, and without nullifying subdivision 1 of section 438 of the Code of Civil Procedure.

[1] It is agreed by all the authorities that an action brought against a nonresident by substituted service is in the nature of an action in rem. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Chesley v. Morton, 9 App. Div. 461, 41 N. Y. Supp. 463. If there be no res within the state, there is nothing upon which the court can exercise its jurisdiction, and, if there be property within the state, the judgment can have effect only upon that property. Unless, and we may say until, there is property of the defendant within the state, the court acquires no jurisdiction to enter any judgment.

[2] By substituted service it acquires no jurisdiction in personam of the defendant, and he is not called upon to respond to the summons. It is the concurrence of substituted service and property within the state which confers jurisdiction upon the court, and, until jurisdiction has been obtained, there is no obligation upon the defendant to appear and defend, and he can lose nothing by his refusal to submit himself to the jurisdiction. The purpose of the service of a summons is to acquire jurisdiction, and the limitation of the time within which a defendant must appear and answer relates to the time when jurisdiction attached. · In the case now presented jurisdiction did not attach until the warrant of attachment issued and was levied. It was then, and not until then, that the defendant was under any obligation to submit itself to the jurisdiction of the court. The service of the summons, as a means of acquiring jurisdiction, could not be considered complete until then, and thereafter the defendant had 20 days within which to appear and answer. Accordingly the defendant undertook to appear and answer within ample time, and the plaintiff had no right to return the notice and answer.

Order affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and LAUGHLIN and MILLER, JJ., concur. DOWLING, J., dissents.

INGRAHAM, P. J. I concur with Mr. Justice SCOTT, but I also think that the defendant had the right to appear at any time before the entry of final judgment, and upon appearance was entitled to notice of the assessment of damages and the entry of judgment. Section 421 of the Code of Civil Procedure provides that the defendant's appearance must be made by serving upon the plaintiff's attorney within 20 days of the service of the summons, exclusive of the day of service, a notice of appearance or a copy of a demurrer or of an answer. Section 422 provides that, if a copy of the complaint is not served with the summons, a notice of appearance entitled him only to notice of the subsequent proceedings except within the same time he demands a service of a copy of the complaint, as prescribed in section 479 of the Code of Civil Procedure. Section 424 provides that a voluntary general appearance of the defendant is equivalent to personal service of the summons upon him, and this voluntary general appearance is not confined to an appearance required by section 421 of the Code of Civil Procedure to avoid the defendant being in default. There is no provision of the Code which prevents a defendant from appearing in the action at any time before the entry of final

judgment. If he fails to appear within 20 days after the service of the summons upon him, he is in default, and is not entitled to answer unless leave of the court is first obtained. It is the settled law that the appearance of a defendant without service of process upon him is equivalent to personal service as expressly provided by section 424 of the Code of Civil Procedure. Such an appearance is not under section 421 of the Code, for it is not within 20 days after the service of the summons; no summons having been served.

This is recognized by section 768 of the Code of Civil Procedure, which provides:

"Where any defendants in an action or proceedings have appeared, all motions or application thereafter made in such action, or proceedings, except a motion made for an extension of time on two days' notice under rule twenty-four of the general rules of practice which may be made to a judge, and except where it is otherwise authorized by law, must be made to the court, unless such defendants consent to the making of such motion or application to a judge or justice out of court."

By section 1212 of the Code of Civil Procedure it is provided that in an action specified in section 420 of the Code where the summons was personally served upon the defendant, and where the defendant has appeared, but has made default in pleading, plaintiff may take judgment by default. Subdivision 2:

"If the defendant has seasonably appeared, but has made default in pleading, the plaintiff must file proof of the service of the summons and of the appearance, or of the appearance only; and also proof, by affidavit, of the default. Whereupon, the clerk must enter final judgment in his favor. If the defendant has made default in appearing or pleading, and the case is not one where the clerk can enter final judgment, * * * the plaintiff must apply to the court for judgment, as prescribed in section 1214 of this act."

By section 1214 of the Code it is provided that where the defendant has appeared, but has made default in pleading, and the case is not one where the clerk can enter final judgment as prescribed in the last two sections, the plaintiff may apply to the court or a judge or justice thereof out of court for judgment. Upon the application he must file, if the default was in pleading, proof of appearance, and also, if a copy of the complaint was demanded, proof of service thereof, upon the defendant's attorney; and, in either case, proof of affidavit of the default which entitles him to judgment. By section 1219 of the Code it is provided that a defendant against whom judgment is taken pursuant to the foregoing sections of the article is entitled to notice as follows: (1) If he has appeared generally, but has made default in pleading, he is entitled to at least five days notice of the time and place of an assessment by the clerk, and to at least eight days notice of the time and place of an application to the court for judgment. When the defendant, therefore, before judgment had been entered served a general notice of appearance in the action that notice of appearance was equivalent to personal service, and the court at that time obtained jurisdiction over the defendant and power to enter judgment in case the defendant was in default, but under the section of the Code of Civil Procedure last cited the defendant having generally appeared in the action was entitled to notice of the application for judgment. The return by the plaintiffs of the notice of appearance was therefore ir-

regular as the defendant had then appeared generally in the action, and the judgment entered without notice to the defendant was irregular and was properly vacated.

I therefore concur in the affirmance of the order.

LAUGHLIN, J., concurs.