### In re YOUNG WOMEN'S CHRISTIAN ASS'N.

(Supreme Court, Special Term, Kings County. August 14, 1912.)

WATERS AND WATER COURSES (§ 203*)—PUBLIC SUPPLY—CHARGES—EXEMPTIONS—"SOCIAL SETTLEMENT."

Under Laws 1907, c. 135, exempting the property of social settlements from water charges, the building of a Young Women's Christian Association, engaged in a work of benevolence and philanthropy, conducting departments of study and quasi business occupations, renting its halls for concerts, lectures, etc., was not exempt, since the term "social settlement," as applied to organizations engaged in charitable or philanthropic work, implies a fixed locality to be benefited by supplying moral, physical, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

educational help to the poor and needy, and did not include such association.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 289, 290–299; Dec. Dig. § 203.*]

Petition by the Young Women's Christian Association to cancel water charges on its property. Motion denied.

KELLY, J.   The petitioner seeks to cancel the charges assessed against its property at Schermerhorn street and Flatbush avenue, Brooklyn, for water supplied to such building, upon the ground that it is exempt from such charges under chapter 135, Laws 1907.

It is claimed that the Young Women's Christian Association is a "social settlement," and that the building in question is devoted exclusively "to the purposes of such social settlement." The act referred to exempts such real estate from water rates. I am unable to agree with the learned counsel for the petitioner in his contention that the petitioner is a "social settlement," within the meaning of the act, or that the building is devoted exclusively to the purposes of a social settlement. The precise legal definition of a "social settlement" is not free from difficulty. Judge Leventritt discusses the question at some length in People ex rel. Trustees of Amity Baptist Church v. Monroe, 40 Misc. Rep. 286, 81 N. Y. Supp. 972. I do not know that I can add anything to his views there expressed. The designation "social settlement," as applied to organizations or societies engaged in charitable or philanthropic work, is of comparatively recent origin. It seems to imply a fixed locality to be benefited, by supplying those in need of help, moral, physical, and educational. It appears to have in mind the poor and needy in a given locality. Judge Leventritt thought it might be a mixed question of law and fact whether a given institution was a "social settlement," and I am asked, if in doubt, to issue an alternative writ in this case.

I am of opinion, however, that the petitioner cannot claim exemption from taxation as a "social settlement." Many of the praiseworthy objects sought and attained by the petitioner are works of benevolence and philanthropy, which might well be related to the work of a "social settlement." But the petitioner goes much farther than a "social settlement," and conducts departments of study and quasi business occupations, which broaden its field of usefulness beyond that of any "settlement"; nor are the persons ordinarily availing themselves of the facilities and advantages of the petitioner's institution persons usually served by the "social settlement." If the Legislature intended to exempt the petitioner from water rates, its existence and name are so well known that we might look for an express exemption. Exemption laws must be construed strictly, and I am forced to the opinion that petitioner, on its own showing, is not a "social settlement."

Again, the property of the petitioner concededly is not used exclusively for the purposes of a "social settlement." There is a hall in the building, which is rented out for concerts, lectures, and the like, bringing the case exactly within the decision in People ex rel. Catholic Union of Albany v. Sayles, 32 App. Div. 203, 53 N. Y. Supp. 65.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In that case (affirmed without opinion 157 N. Y. 679, 51 N. E. 1092) the Appellate Division held that such use of a hall in a building otherwise devoted to benevolent purposes destroyed the exemption.

The motion must be denied.