### RUTKOSKY v. PUBLIC SERVICE RY. CO.

(Supreme Court, Appellate Division, First Department.  March 20, 1913.)

1. CORPORATIONS (§ 668*)—SERVICE BY PUBLICATION ON FOREIGN CORPORATION.

Service by publication cannot be had on a foreign corporation which has no property and does no business in this state, unless the cause of action arose in this state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

2. COURTS (§ 90*)—RULES OF DECISION—PREVIOUS DECISION AS PRECEDENCE.

The Appellate Division, First Department, will accept as controlling the decision of the Second Department on a mere question of Code construction for the convenience of litigants and to prevent confusion.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313–321, 351; Dec. Dig. § 90.*]

Appeal from Special Term, New York County.

Action by Dorothy Rutkosky against the Public Service Railway Company.  From an order denying a motion to set aside an order for substituted service, defendant appeals.  Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

C. E. Thornall, of New York City, for appellant.

Herbert D. Cohen, of New York City, for respondent.

SCOTT, J.  [1, 2] The plaintiff, who is a resident of this state, seeks to sue the defendant, a foreign corporation, upon a cause of action arising without the state.  The defendant transacts no business in this state and has no property therein.  No attachment against the property of defendant has been applied for or issued.  The defendant, appearing specially, moves to set aside the order for substituted service upon authority of Van Mater v. Post, 147 App. Div. 111, 131 N. Y. Supp. 805, Second Department, wherein it was held that a plaintiff is not entitled to an order for service by publication unless the cause of action arose in this state, or the defendant has property here and the court has jurisdiction of the subject-matter of the action.  Without rearguing the question thus passed upon by the Appellate Division in the Second Department, we accept their decision as controlling upon the present appeal, because it would be extremely inconvenient to litigants and tend to confusion to have a different rule obtaining in two adjoining departments upon a mere question of Code construction.  Furthermore, we are impressed with the great hardship which might result to defendants if a partial, uncompleted service of a summons were permitted to stand indefinitely.

It seems to have been assumed below that this court had held differently in Haase v. Michigan Steel Boat Company, 148 App. Div. 298, 132 N. Y. Supp. 1046.  This assumption is erroneous, and is doubtless due to the fact that Van Mater v. Post, supra, was not referred to in our opinion, which was due to the fact that it had not then been published and was not called to our attention.  The precise point

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

involved in the present appeal was not involved in the Haase Case. There an order for substituted service upon a foreign corporation was made on August 10, 1910, and personal service of the summons made without the state on October 19, 1910. The defendant did not move to vacate the order for substituted service. No attachment was issued and served until February 28, 1911, and then the defendant undertook to appear and answer. Plaintiff refused to receive the notice of appearance and answer, and entered judgment as upon a default. The motion was to vacate the judgment. We expressly declined to pass upon the validity of the order for substituted service, but held that complete jurisdiction was not obtained until an attachment had been levied, and that a defendant had 20 days after that within which to appear and answer.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate granted. All concur.