the firm of N. Wood & Sons, impleaded with others. No opinion. Judgment affirmed, with costs.

WOLF, Respondent, v. WERTHEIM et al., Appellants. (Supreme Court, Appellate Division, First Department. June 20, 1913.) Action by Isaac L. Wolf against Henry P. Wertheim and others. Norbert Heinsheimer, of New York City, for appellants. H. J. Leffert, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

WRUBLEWSKY, Respondent, v. TIDEWATER BUILDING CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Action by Paul Wrublewsky, as administrator, etc., against the Tidewater Building Company and another.

PER CURIAM. Judgment and order reversed, and new trial granted; costs to abide the event. The evidence fails to establish how plaintiff's intestate came to enter the bin in which he met his death. There is no evidence of any instructions from any one that he should do so, and the circumstantial evidence would indicate that it was unnecessary for him to do so, in the ordinary discharge of his duties.

YAWGER v. AMERICAN SURETY CO. (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by John F. Yawger against the American Surety Company. No opinion. Motion granted; question certified; order filed. See, also, 156 App. Div. 504, 141 N. Y. Supp. 491.

YONKERS GARDEN CITY REALTY CO., Appellant, v. JACKSON BROS. REALTY CO. et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 20, 1913.) Action by the Yonkers Garden City Realty Company against the Jackson Bros. Realty Company and others, etc. No opinion. Motion denied, without costs.

In re YOUNG. (Supreme Court, Appellate Division, Fourth Department. May 28, 1913.) In the matter of the application of Frances Eliza Young, as administratrix, etc., for authority to mortgage, lease, or sell, etc. No opinion. Order affirmed, with $10 costs and disbursements.

YOUNG v. UNITED STATES MORTGAGE & TRUST CO. (Supreme Court, Appellate Division, First Department. June 6, 1913.) Action by George W. Young against the United States Mortgage & Trust Company. No opinion. Motion granted. Order filed. See, also, 156 App. Div. 515, 141 N. Y. Supp. 364.

YOUNG WOMEN'S CHRISTIAN ASS'N OF BROOKLYN, Appellant, v. CARR, Respondent. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Action by the Young Women's Christian Association of Brooklyn against Ella Carr. No opinion. Judgment (141 N. Y. Supp. 260) affirmed, with costs. See, also, 156 App. Div. 295, 141 N. Y. Supp. 138.

ZEINER et al. v. CRAFT et al. (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Action by Harry R. Zeiner and another against Morris F. Craft, as Supervisor, etc., and others. No opinion. Motion to dismiss appeal granted, with costs.

ZEITZ et al. v. COOK et al. (Supreme Court, Appellate Division, Second Department. June 27, 1913.) Action by Hyman Zeitz and another against Harry Cook and Aaron Benjamin.

PER CURIAM. Order vacating order for examination before trial reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The affirmative defense is a legitimate ground to examine a plaintiff before trial. Plaintiffs' relation to this bond and mortgage necessarily implies that they know how they took it with the guaranty, and hence that a plaintiff can give testimony that is material upon the issue whether or not they made it a cover for a usurious loan to the mortgagor. Anderson v. Lisman, 130 App. Div. 134, 114 N. Y. Supp. 348. The grounds shown for such examination were sufficient. Tisdale Lumber Co. v. Droge, 147 App. Div. 55, 131 N. Y. Supp. 683; Continental Securities Co. v. Belmont, 147 App. Div. 118, 131 N. Y. Supp. 713; Poole v. Means, 144 App. Div. 155, 128 N. Y. Supp. 751.

ZIMMERMAN v. RAU. (Supreme Court, Appellate Division, First Department. July 11, 1913.) Action by Emil Zimmerman against Emanuel Rau. No opinion. Application denied, with $10 costs. Order signed. See, also, 142 N. Y. Supp. 467.

END OF CASES IN VOL. 142