(81 Misc. Rep. 203.)

### ZIMMERMAN v. RAU.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

COURTS (§ 189*)—MUNICIPAL COURTS—VACATING JUDGMENT—TIME FOR APPLICATION.

The Municipal Court has no power to vacate a judgment under section 254 of the Municipal Court Act (Laws 1902, c. 580), where more than five days elapsed after the entry of the judgment before the motion to vacate was filed, even though the judgment is void; the judgment debtor's remedy being by appeal, or by the assertion of the invalidity of the judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Emil Zimmerman against Emanuel Rau. From an order vacating a judgment in favor of the plaintiff, plaintiff appeals. Order reversed, and judgment reinstated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Isaac Hyman, of New York City, for appellant.
Howard A. Sperry, of New York City, for respondent.

PER CURIAM. Plaintiff obtained a judgment against the defendant on March 24, 1912. On April 14, 1913, upon an affidavit made by the defendant, an order to show cause was granted returnable on April 17, 1913, and upon the 20th day of April the judgment was vacated and set aside. The opposing affidavit sets forth that more than 20 days have elapsed after the judgment was entered and before the motion was made.

A motion to open a default and to vacate a judgment and set a case down for hearing, etc., may, under section 253 of the Municipal Court Act (Laws 1902, c. 580), be made at any time; but the power of a Municipal Court justice to set aside a judgment, under section 254 of the Municipal Court Act, is limited to an application to be made within five days after the judgment is entered and upon a notice of at least two days. The court below was without jurisdiction to make the order appealed from. If, as claimed by the respondent, the judgment was void, his remedy was by an appeal therefrom, or, as pointed out by him in his brief, he may resist it and assert its invalidity at any time. Hall v. U. S. Ref. Co., 31 Hun, 609; Ferguson v. Crawford, 70 N. Y. 253, 26 Am. Rep. 589.

Order reversed, with costs, and judgment reinstated. All concur.