ALBERT G. DIMMERLING, Plaintiff, *v.* ARCHIE M. ANDREWS and Others, Individually and as Trustees of ANDREWS & COMPANY, a Common-Law Trust, and MERRILL W. TILDEN and Others, Defendants.

Supreme Court, Queens Special Term, December, 1922.

Practice — non-resident defendant — attachment — a levy not a prerequisite to order of publication of summons — attachment and levy essential to entry of default judgment.

A levy under a warrant of attachment is not a prerequisite to the validity of an order of publication of a summons in an action against a non-resident of which our courts have jurisdiction.

Where in an action against a non-resident served by publication a levy under a warrant of attachment was made after the publication was completed and more than twenty days after the seizure of the property a default judgment was entered by plaintiff, it will not be vacated on the motion of defendant who appears specially and contends that the court had no jurisdiction to render the judgment.

DEFENDANT Archie M. Andrews, a non-resident, appearing specially, moves to open a default judgment entered after substituted service by publication, claiming that under section 232 of the Civil Practice Act the substituted service was void because not based upon proof by affidavit that a warrant of attachment, granted in the action, had been levied upon his property within the state.  An actual levy under a warrant of attachment was made subsequent to the order of publication, namely, on October 3, 1922, and the default judgment was entered fifty-four days thereafter, to wit, on November 27, 1922.

*Edwin J. Dryer*, for plaintiff.

*O'Brien, Boardman, Parker & Fox (Henry L. Sherman*, of counsel), appearing specially for defendant Archie M. Andrews.

KAPPER, J.  When the default judgment was entered against the moving defendant it is undisputed that there had been a levy under the warrant of attachment upon said defendant's property in this state.  This judgment was entered nearly three months after publication was complete and more than fifty days after the levy.

The levy was made on October 3, 1922, and if the twenty days within which to appear began to run from that date, then the defendant when judgment was entered was in default on November 27, 1922, the date of entry of judgment, a period of thirty-four days. There is abundant authority for the proposition that a levy under a warrant of attachment is not a prerequisite to the validity of an order of publication of a summons in an action of which our courts have jurisdiction against a non-resident. *Cahill* v. *Broadwell Productions, Inc.,* 190 N. Y. Supp. 225; *Parke* v. *Gay,* 28 Misc. Rep. 329. In the *Cahill Case, supra,* will be found a well-reasoned opinion by Mr. Justice Cropsey, whose conclusion would be followed here if it were essential to the decision of this case. I do not deem it necessary here to go as far as the cases above cited. I think jurisdiction to enter the judgment in this case existed perforce the levy upon defendant's property in this state under the warrant of attachment. To have entered the judgment under the order of publication alone and without property within the jurisdiction of our courts would have been a nullity. Indeed an attachment and levy are absolutely essential to the entry of a default judgment against a non-resident. Civ. Prac. Act, § 493. " It is the concurrence of substituted service and property within the state which confers jurisdiction upon the court, and until jurisdiction has been obtained there is no obligation upon the defendant to appear and defend, and he can lose nothing by his refusal to submit himself to the jurisdiction. The purpose of the service of a summons is to acquire jurisdiction, and the limitation of the time within which a defendant must appear and answer relates to the time when jurisdiction attached. In the case now presented jurisdiction did not attach until the warrant of attachment issued and was levied. It was then and not until then that the defendant was under any obligation to submit itself to the jurisdiction of the court. The service of the summons, as a means of acquiring jurisdiction, could not be considered complete until then, and thereafter the defendant had twenty days within which to appear and answer." Per Scott, J., in *Haase* v. *Michigan Steel Boat Co.,* 148 App. Div. 298, 301. Had the moving defendant appeared specially before levy under the warrant of attachment to vacate the order of publication a different question would have been presented, although I am free to say that had that been the status of the litigation, I should have followed the opinion of Mr. Justice Cropsey, *supra,* which seems to me to cover that state of facts. It is my view that at the time judgment was entered in this action the court had jurisdiction of the non-resident defendant by reason of the custody of property in this state

under the attachment and the levy and that the point of time of attachment, whether before or after publication, is immaterial so long as at least twenty days had elapsed after levy and before entry of judgment. The motion is denied, with ten dollars costs.

Ordered accordingly.