PEOPLE ex rel. FLATBUSH WORLD WAR MEMORIAL, INC., Relator,
   v. HENRY M. GOLDFOGLE and Others, as Commissioners of
   Taxes and Assessments of the City of New York, Respondents.

Supreme Court, Kings County, December 26, 1925.

*Richard F. Weeks* [*William E. Skillman* of counsel], for the
relator.

*George P. Nicholson, Corporation Counsel* [*William H. King,
Patrick A. Bolger* and *John D. Lyons, Assistants Corporation
Counsel*], for the respondents.

CROPSEY, J. Certiorari to review the action of the board of
taxes and assessments denying relator's application to have its
property exempted from taxation. The relator was incorporated
in June, 1923, under article 11 of the Membership Corporations
Law of 1909,* which article is headed " Soldiers' Monument Cor-
porations." That article includes sections 170 and 171 (as amd. by
Laws of 1920, chap. 506) upon which relator's entire claim is based.

Section 170 provides that three or more persons may become a
corporation " for the purpose of erecting and maintaining monu-
ments or memorials, including a memorial hall or building, to per-

---

* See Membership Corporations Law of 1926. (Laws of 1926, chap. 722).— [REP.

petuate the memory of the soldiers and sailors who served * * * in the army or navy of the United States in any war in which the government of the United States has been engaged, * * *; such monument or memorial alike to perpetuate the memory of these soldiers and sailors, who, since rendering such military or naval service have become resident of and die in the town, city or county in which such monument or memorial is erected." Section 171 provides: "Such a corporation may acquire and hold * * * not more than five acres of land to be used exclusively for the erection of a suitable monument or monuments or other memorial to perpetuate the memory of the soldiers and sailors * * *." Then follows language practically the same as quoted from section 170. The section continues: "Such a corporation may erect any such monument, monuments or memorial upon any public street, square or ground of any town, city or village, with the consent of the proper officers thereof, or may purchase or accept the donation of land suitable for that purpose, and may take and hold the property given, devised or bequeathed to it in trust, to apply the same or the income or proceeds thereof for the erection, improvement, embellishment, preservation, repair, renewal, care and maintenance of such monument, monuments or memorial, or of any structure, fences or walks upon its lands, or for planting or cultivating trees, shrubs, flowers and plants, in and around or upon its lands, or for improving or embellishing the same in any manner consistent with the design and purposes of the association, according to the terms of such grant, devise or bequest. It may take by gift or purchase any lots or lands in any cemetery within such county to be used and occupied exclusively for the burial of honorably discharged soldiers and sailors who served in any such wars, and for the erection of suitable monuments or memorials therein. * * * The property of any corporation formed pursuant to * * * section one hundred and seventy of this chapter, shall be exempt from levy and sale on execution, and from all public taxes, rates and assessments * * *."

Relator urges that the above provision exempts its property, because it expressly states it shall be exempt from taxes and because it is made exempt from levy and sale on execution and all such property is exempt from taxation. (Tax Law, § 4, subd. 5, as amd. by Laws of 1921, chap. 169.) This is doubtless true of the property referred to in sections 170 and 171 of Membership Corporations Law of 1909, but it cannot be that all property owned by such a corporation, no matter what its use, would be so exempt. If so, then an apartment house or a commercial building owned by the corporation would escape taxation. That cannot have been the intention of the

Legislature and its language does not require such a holding. Evidently relator would hesitate to urge its claim under such circumstances, though its argument as presented seems to carry that far. The exemption is limited to the property to which the statute refers. That is monument or memorial property. " Not more than five acres of land " may be acquired " *to be used exclusively* for the erection of a suitable monument or monuments or other memorial " which may take the form of a building; the corporation may erect the monument or memorial upon a public square with the consent of the proper officials " or may purchase or accept the donation of land suitable for that purpose;" and it " may take and hold the property given, devised or bequeathed to it in trust, to apply the same or the income or proceeds thereof for the erection * * * care and maintenance of such monument, monuments or memorials * * *." The only property which the corporation is authorized to purchase is " land " and cemetery lots. The land is to be used " *exclusively* " for the erection of a monument or memorial.

The portion of the section that speaks of using " income " plainly refers only to property given or devised to the corporation in trust, and such income must be used for the erection and maintenance of the monument or memorial. There is nothing in the statute authorizing the purchase of a clubhouse or any other building and the exemption given was not intended to apply to such property.

The subject of this proceeding is a frame building on a lot 40 feet by 100 feet. The lot with the building upon it was purchased by relator shortly after its incorporation, from a church.

Since the purchase, the church has occupied the ground floor on Sundays and Thursday evenings, paying fifty dollars a month for such use, and the two upper floors are at all times rented as an apartment for sixty dollars a month. With this income relator has reduced its mortgage debt. None of the income has been used for any purpose save as just stated and for the upkeep of the property. The building is not a monument nor does it appear to be a memorial in the sense at least indicated by the statute. It seems to be a headquarters or clubhouse for the post, the officers of which, because of their positions, being the directors of the corporation. It is not exempt from taxation.

Proceeding dismissed and determination of respondents confirmed.
Settle papers on notice.