THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERMAN MASONIC TEMPLE ASSOCIATION OF THE CITY OF NEW YORK, Relator, *v.* HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.*

Supreme Court, New York County, December 20, 1929.

*Eugene Cohn*, for the relator.

*Arthur J. W. Hilly*, Corporation Counsel [*William H. King* and *John Moroney, Assistant Corporation Counsels*, of counsel], for the respondents.

INGRAHAM, J. This is a certiorari proceeding wherein the realtor German Masonic Temple Association of the City of New York seeks to review assessments for the year 1928, aggregating the sum of $213,500, upon certain real property owned by the relator in the borough of Manhattan, designated on the tax map as lots 15, 16 and 17, block 873, section 3, and known as Nos. 51, 53 and 55 Irving place and No. 127 East Seventeenth street. The relator claims that the aforesaid property is entitled to exemption from local taxation under subdivision 7 of section 4 of the Tax Law (as amd. by Laws of 1927, chap. 565).†

The relator association, consisting of the master and three delegates of the various Masonic lodges named in the statute and

---

* Affd., 229 App. Div. 863.    † Since amd. by Laws of 1929, chap. 382.— [REP.

of lodges thereafter admitted, was organized by the Laws of 1880, chapter 192, as amended by Laws of 1889, chapter 400, and under section 13 of the General Corporation Law.* Its purposes are recited by the act of incorporation: " To purchase, take and hold suitable grounds and buildings or to erect on such grounds a suitable building or buildings and furnish the same for the use and accommodation of the Masonic fraternity in said city of New York and out of the net profits derived from the rents and income thereof or from other sources to build, establish and maintain an asylum or asylums for the support or relief of worthy, indigent Masons, their widows and orphans."

The relator acquired the property in question by deed about September 17, 1926, and on October 1, 1927, the taxable status date for the year 1928, owned it in fee simple. It is improved with brick and stone buildings, four stories in height, except No. 127 East Seventeenth street, on which there is a building originally used as a stable, but now used as a residence. In the four-story buildings, the first and second stories are used for business purposes and the upper stories for dwelling purposes. None of the said buildings nor any part thereof is actually occupied by or used by the relator. They are rented to various tenants. Relator bases its claim to exemption on its alleged use of the net income from this property toward the maintenance and support of its home in Tappan, Rockland county, N. Y., erected for the benefit of worthy and indigent members of the Masonic fraternity, their wives and widows.

The particular provision of the Tax Law upon which relator places reliance was added to subdivision 7 of section 4 by the Laws of 1903, chapter 204, and reads: " And further provided that the real property of any fraternal corporation, association or body created to build and maintain a building or buildings for its meeting or meetings of the general assembly of its members, or subordinate bodies of such fraternity and for the accommodation of other fraternal bodies or associations, the entire net income of which real property is exclusively applied to or to be used to build, furnish and maintain an asylum, or asylums, a home or homes, a school or schools for the free education or relief of the members of such fraternity or for the relief, support and care of worthy and indigent members of the fraternity, their wives and widows and orphans, should be exempt from taxation." Section 4 of the Tax Law relates exclusively to the subject of exemption from taxation and enumerates the classes of property which should be exempt. The proviso sought to be availed of by the relator is the only reference

---

* Renum. § 16 and amd. by Laws of 1929, chap. 650, in effect October 1, 1929.— [Rep.

to property of a fraternal corporation contained in the entire section. Subdivision 7 of the section indicates the legislative intent in granting the exemptions mentioned therein, and throughout the subdivisions we find the test to be applied is whether the property sought to be exempt is used either exclusively or partially to carry out the purposes of the various corporations or associations enumerated in this subdivision. This test has been repeatedly applied by the courts of this State, and the right to exemption has always been measured by this standard and by no other. (*People ex rel. Y. M. A.* v. *Sayles*, 32 App. Div. 197; affd., 157 N. Y. 677; *People ex rel. Catholic Union* v. *Sayles*, 32 App. Div. 203; affd., 157 N. Y. 679; *People ex rel. Board of Foreign Missions* v. *Board of Assessors*, 207 App. Div. 151; affd., 244 N. Y. 42; *People ex rel. Flatbush World War Memorial, Inc.,* v. *Goldfogle*, 136 Misc. 421, CROPSEY, J.)

In the case last cited the relator was a soldier's monument corporation, incorporated under then article 11 of the Membership Corporations Law of 1909. Sections 170 and 171 of that article (as amd. by Laws of 1920, chap. 506)* would appear to exempt all the real property of such a corporation from taxation. Relying upon those sections, the relator sought an exemption upon property purchased by it soon after its incorporation in June, 1923, and used as a headquarters or clubhouse for the veteran's post, whose officers were *ex officio* the directors of the relator corporation. In dismissing the writ of certiorari and thereby denying the exemption the court called attention to the provisions of then section 170 of the Membership Corporations Law that three or more persons may become a corporation for the purpose of erecting and maintaining monuments or memorials, including a memorial hall or building, and to the provisions of section 171 of said law that such a corporation may acquire and hold not more than five acres of land to be used exclusively for the erection of a suitable monument or monuments, or other memorial; and that the property of any corporation formed pursuant to section 170 shall be exempt from levy and sale on execution and from all public taxes, rates and assessments. The court continues: " Relator urges that the above provision exempts its property because it expressly states it shall be exempt from taxes and because it is made exempt from levy and sale on execution and all such property is exempt from taxation (Tax Law, § 4, subd. 5). This is doubtless true of the property referred to in sections 170 and 171, but it cannot be that all property owned by such a corporation, no matter what its use, would be so exempt  *  *  *  That cannot have been the intention of the Legislature, and its language

* See Memb. Corp. Law of 1926 (Laws of 1926, chap. 722).— [REP.

does not require such a holding * * *. The exemption is limited to the property to which the statute refers. That is memorial or monument property. * * * There is nothing in the statute authorizing the purchase of a clubhouse or any other building, and the exemption given was not intended to apply to such property."

So in the instant case the relator was incorporated to purchase, take and hold suitable grounds and buildings or to erect on such grounds a suitable building or buildings and furnish the same for the use and accommodation of the Masonic fraternity in said city of New York, and out of the net profits derived from the rents and income thereof or from other sources to build, establish and maintain an asylum or asylums for the support or relief of worthy indigent Masons, their widows and orphans. Pursuant to the provisions of its charter the relator owns and maintains a building at No. 220 East Fifteenth street in New York city, which building contains meeting rooms for the use and accommodation of members of the Masonic fraternity. This building and the land occupied by it have been granted an exemption from taxation by the city. That is the property to which the exemption is limited. There is no valid reason to suppose that the Legislature of this State in granting a charter to the relator contemplated that the latter would purchase or own real estate devoted exclusively to any use other than the one specified in the act of incorporation. To real estate devoted to such use is the proviso contained in subdivision 7 of section 4 of the Tax Law confined. To hold otherwise would be to hold in effect that the Legislature intended that every fraternal body incorporated for the purposes mentioned in the proviso should be entitled to enjoy an exemption from taxation on all its real property, no matter how extensive, providing the value thereof is within the limits prescribed by the incorporating act and section 15 of the General Corporation Law of 1929, which authorizes corporations like the relator to hold property up to the value of $20,000,000. No such intention can be spelled out of the language of the Tax Law, and in the absence of a clear expression of such intent or language from which it may be unmistakably implied, the present action must terminate in favor of the defendants.

Statutes exempting property from general taxation must be strictly construed against the property holder, and if exemption is not plainly expressed it may not be presumed. (*People ex rel. Y. M. A.* v. *Sayles, supra; People ex rel. D. K. E. Soc.* v. *Lawlor,* 74 App. Div. 553.) " Exemptions from taxation are not favored and are to be strictly construed. They will not be sustained unless such clearly appears to have been the intent of the Legislature.

An exemption from taxation must be expressed in clear and unambigous language and appear to be indisputably within the intention of the Legislature." (*People ex rel. Andrews* v. *Cameron*, 140 App. Div. 76, 80; affd., 200 N. Y. 585.) No such intent is evident here. The language of the entire section of the statute, as well as our comprehensive scheme of taxation so often sanctioned by the courts of the State, furnishes the strongest indication that the Legislature had no intention of making, in favor of fraternal bodies, an exemption to the universal rule that the use of the premises is the controlling element in determining the right to an exemption from taxation.

The writ is accordingly dismissed and the assessments confirmed. Submit on notice proposed findings of fact and conclusions of law in accordance with the foregoing.